39348. DAVIS v. HARRELL CONCRETE PRODUCTS, INC.

Decided April 4, 1962—Rehearing denied April 24, 1962.

*George A. Horkan, Jr., William C. Peters,* for plaintiff in error. *Whelchel & Whelchel, Hoyt H. Whelchel, Jr., James C. Whelchel,* contra.

NICHOLS, Presiding Judge. The petition, while nowhere alleging expressly that the stacking of the cement in irregular and unbalanced stacks, together with the vibration caused by the heavy machinery located immediately adjacent to the cement house, caused the bag of cement to fall from the top of a nearby stack, does allege the acts of negligence relied upon in paragraph 6 of the petition, and paragraph 7 alleges that, because of such want of ordinary care the plaintiff received the injuries complained of.

While on demurrer pleadings must be construed most strongly against the pleader, yet they must be accepted as true and, as

against general demurrer, a general allegation of negligence is sufficient. See *Hudgins v. Coca Cola Bottling Co.*, 122 Ga. 695 (1) (50 SE 974); *Whitsett v. Hester-Bowman Enterprises, Inc.*, 94 Ga. App. 78, 83 (93 SE2d 788). The petition was sufficient to show a duty, a breach thereof, and an injury. *Ellison v. Georgia R. Co.*, 87 Ga. 691 (13 SE 809).

The defendant contends, however, that the petition shows that the plaintiff failed to exercise ordinary care for his own safety and that an action is therefore barred by *Code* § 105-603. Such contention is without merit, for, under the allegations of the petition, the danger, or defect in the premises, was not one that was so conspicuous as to be obvious to all who entered the building save those who were failing to exercise ordinary care for their own safety, for, while the plaintiff would have seen the bags of cement in the exercise of ordinary care for his own safety, the petition does not make it appear that in the exercise of ordinary care for his own safety he should have realized the danger connected therewith, to wit: that the vibrations caused by the heavy machinery located immediately adjacent thereto would cause the top bag of cement to fall. See, as to plaintiff's duty to exercise ordinary care for his own safety, *Wynne v. Southern Bell Tel. &c. Co.*, 159 Ga. 623 (2) (126 SE 388); *Glover v. City Council of Augusta*, 83 Ga. App. 314 (63 SE2d 422), and citations. The petition was not subject to the defendant's general demurrer, and the judgment of the trial court sustaining such demurrer must be reversed.

*Judgment reversed. Frankum and Jordan, JJ., concur.*