39670. WINN-DIXIE STORES, INC. v. FREDERICKS.

DECIDED SEPTEMBER 25, 1962—
REHEARING DENIED OCTOBER 9, 1962.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler, William C. Reed,* for plaintiff in error.

*Oliver K. Mixon, William M. Fleming, Jr.,* contra.

Nichols, Presiding Judge. 1. The plaintiff in error, the defendant in the trial court, relies upon two grounds in support of its position that no verdict against it was authorized. The first ground is that there was no evidence to support the allegations of the petition that the defendant operated the store where the plaintiff was injured. The brief of the plaintiff in error states in part: "The defendant, Winn-Dixie Stores, Inc., called as its only witness the manager of its store on Central Avenue in Augusta, Georgia." "This statement has not been controverted by defendants in error . . . so, under authority of *Code* § 24-3618, the case will be decided on the basis of the truth of the statement." *Veal v. Riner,* 214 Ga. 539, 541 (106 SE2d 26). The plaintiff was injured in the store on Central Avenue in Augusta, Georgia, managed by such witness and a contention that the plaintiff named the wrong corporation as defendant, and that therefore the verdict is unsupported, is without merit.

2. The sole remaining contention is that there was no evidence of negligence chargeable to the defendant corporation.

The plaintiff, who was injured when a stack of canned food fell from a shelf in the defendant's store onto the plaintiff's foot, testified in part: "The can I picked up was from the top layer of the stack. I did not touch any other can in the stack . . . the cans of potatoes and snap beans were on one of the regular grocery shelves of the store. They were stacked up on the bottom shelf on the outer edge." The manager of the defendant's store testified in part: "All of the stock in the store is placed on the shelves by our stock boys. We had four or five stock boys at that

time. We at the store were grossing approximately $25,000 a week at that time . . . we have had stacks of cans fall before. If the cans are properly stacked, the stack won't fall when the top can is picked up."

"Where something unusual happens with respect to a defendant's property over which he has control, and by such extraordinary occurrence a plaintiff is injured (the occurrence being such as does not happen if reasonable care has been used), an inference may arise that the injury was due to the defendant's negligence. The maxim res ipsa loquitur is a rule of evidence, to be applied by the jury, if applied at all. The inference which may in some cases arise from an unexplained occurrence which has worked an injury to another, that the defendant who had in charge the instrumentality which was the direct cause of the injury was guilty of negligence, may or may not be drawn by the jury; but, like the fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact . . . In the absence of any satisfactory explanation that the occurrence was accidental or providential, or other sufficient explanation, if something unusual happens in respect to a defendant's property or to something over which he has control, whereby the plaintiff is injured, and the natural inference on the evidence is that the unusual occurrence is due to the defendant's act, the occurrence, being unusual, is said to speak for itself that such act was negligence. *Sinkovitz v. Peters Land Co.*, 5 Ga. App. 788 (2) (64 SE 93)." *Candler v. Automatic Heating, Inc.*, 40 Ga. App. 280, 286 (149 SE 287), and citations.

In support of its contention that there was no direct evidence of negligence on its part the defendant cites several out-of-state cases where customers were injured by displayed merchandise and it was held that the injury could have been caused just as easily by some act of other customers as by the defendant, and the rule, by whatever name called, of res ipsa loquitur did not apply. These cases all arose where the plaintiff was injured under circumstances where under the evidence adduced a third party could have caused the injury as easily as the defendant, or where the plaintiff, by the exercise of ordinary care, could have avoided the injury complained of.

The record in the present case does not disclose that any other customer touched the display involved or that any other customer had an opportunity to do so. The plaintiff testified that she removed the can from the top layer of the display and did not touch any other can. The defendant's manager testified that if the cans (on such a display) are properly stacked they won't fall when the top can is removed. While the evidence did not demand a verdict for the plaintiff, yet neither did it demand a verdict for the defendant, and the judgments overruling the defendant's motions for a judgment non obstante veredicto and for new trial were not error.

*Judgments affirmed. Frankum and Jordan, JJ., concur.*