### 42485.  COLONIAL STORES, INC. v. DONOVAN.

JORDAN, Judge. The first count of the amended petition filed in Bibb Superior Court shows that on October 12, 1965, the plaintiff, a customer in defendant's self-service store, removed the uppermost carton from a stack of six-bottle cartons of Pepsi Cola in ten-ounce bottles, and as she turned to place it in her merchandise cart, another carton fell from the display, and one bottle from this carton struck her right foot, causing severe lacerations, permanent scarring, and other injuries. The cartons were stacked to a height of

three cartons on a shelf six to eight inches above the floor which slanted away from the aisle a depth of about one and a half inches over a width of about seventeen inches. The defendant allegedly was negligent in failing to warn the plaintiff of the unsafe condition, and in maintaining a trap and unsafe and perilous stack of soft drinks, with actual knowledge of the condition for at least two years, which appeared safe to the plaintiff. The second count of the petition differs principally from the first count in showing that the defendant ought to have known of the situation. The defendant seeks a reversal in this court of the order of the trial court overruling its general demurrers to each count of the petition. *Held:*

1. A person who maintains a place of business to sell goods or services owes a duty to a customer of using ordinary care to keep the premises in a safe condition (*Code* § 105-401) and in the exercise of this duty the merchandise must be so placed as not to cause injury to a customer exercising ordinary care. *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583, 585 (125 SE2d 518).

2. A storekeeper who balances merchandise on display in a precarious manner (or allows another to so arrange a display) should anticipate that slight force, not sufficient ordinarily to suggest to the actor who does not know of the peril that injury will result, may be sufficient to cause injury, and the storekeeper is not relieved of the consequences of this negligence by an intervening act which he should have anticipated. *Parsons, Inc. v. Youngblood,* supra, at p. 586; *Southern R. Co. v. Webb,* 116 Ga. 152 (1) (42 SE 359, 59 LRA 109).

3. Constructive knowledge of a defect, i.e., that the defendant ought to have known of the defect in the exercise of ordinary care, is sufficient to charge the defendant with liability for injuries caused by the defect. *Atlanta Paper Co. v. Sigmon,* 82 Ga. App. 730 (2) (62 SE2d 363); *Shannon v. Bigelow-Sanford Carpet Co.,* 96 Ga. App. 458 (100 SE2d 478).

4. Ordinarily, whether the owner or occupant of land exercises ordinary care in keeping premises in a safe condition, upon which an invitee goes and is injured, whether the invitee could have avoided injury in the exercise of ordinary care, or whether both were negligent in some degree, as the proximate cause of an injury, or the absence of any negligence,

are questions for jury determination, which the court will not decide as a matter of law on demurrer except as to acts declared by law to be negligence, or palpable and indisputable cases where reasonable minds cannot differ as to the conclusion to be reached. *Wynne v. Southern Bell Tel. & Tel. Co.*, 159 Ga. 623 (126 SE 388); *Yeager v. Jacobs*, 111 Ga. App. 358 (141 SE2d 837); *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527).

5. The present case is substantially like the *Parsons* case, supra, where a precariously balanced roll of linoleum fell and injured a customer in a mercantile establishment, except that in this case the merchandise did not fall until the customer removed the uppermost carton from the stack of cartons, the likely act of any customer in a self-service store desiring to purchase such merchandise. Applying the principles stated in the first four divisions of this opinion to the facts as alleged in the petition, we think the petition sets forth a cause of action under either count, and that the trial judge properly overruled the defendant's general demurrers. For the liability of a storekeeper in general for injuries caused by falling merchandise, see 65 CJS 888, Negligence, § 63 (121); 38 Am. Jur. 796, Negligence, § 136; and 20 ALR2d 97.

*Judgment affirmed.* *Bell, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 5, 1967—DECIDED FEBRUARY 3, 1967— REHEARING DENIED MARCH 2, 1967.

*Anderson, Walker & Reichert, Albert P. Reichert, Mallory C. Atkinson, Jr.*, for appellant.

*Mincey, Kenmore & Popper, Joseph W. Popper, Jr.*, for appellee.