45511. PITCH'N PUTT, INC. et al. v. ATCHESON.

ARGUED SEPTEMBER 8, 1970—DECIDED JANUARY 22, 1971.

*Neely, Freeman & Hawkins, J. Bruce Welch,* for appellants.

*Gettle, Jones & Fraser, Sherman C. Fraser, Jr.,* for appellee.

QUILLIAN, Judge. The defendants contend that since the plaintiff did not prove that the proximate cause of her injuries was due to the defendants' negligence, the summary judgment should have been granted. With this contention we cannot agree. While it is true that upon the trial of the case the plaintiff may not be able to carry the burden of proof required of her, as was stated in *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487): "A party who moves for summary judgment in a case premised on negligence has a considerable burden, and if the moving party is defendant, sometimes he cannot obtain a summary judgment when he might be able to secure a directed verdict at the trial of the case. A motion for summary judgment may be denied a defendant in such case because he is not simply weighing his evidence against the evidence of the plaintiff, but each and every allegation of the plaintiff's complaint must be negated, with all presumptions being in favor of the plaintiff (the party opposing the motion for summary judgment), and the complaint of plaintiff thereby being elevated to the dignity of evidence. See *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (3) (170 SE2d 737). This court has repeatedly held, and particularly in negligence cases, that it is permissible to grant a motion for summary judgment only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *Malcom v. Malcolm,* 112 Ga. App. 151 [144 SE2d 188]. The burden to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law is upon the moving party, and any and all reasonable doubts as to the existence of such issue are resolved against the movant, with the trial court giving

the party opposing the motion 'the benefit of all favorable inferences that may be drawn from the evidence.' *Holland v. Sanfax Corp.,* supra. Thus, in negligence cases, it must be plainly and palpably shown that the defendants in no way contributed to the proximate cause of the damages incurred in order for the trial court to sustain a motion for summary judgment in their favor."

The overruling of the defendants' motions for summary judgments was not error. "Ordinarily, whether the owner or occupant of land exercises ordinary care in keeping premises in a safe condition, upon which an invitee goes and is injured, whether the invitee could have avoided injury in the exercise of ordinary care, or whether both were negligent in some degree, as the proximate cause of an injury, or the absence of any negligence, are questions for jury determination." *Colonial Stores v. Donovan,* 115 Ga. App. 330 (4) (154 SE2d 659); *Blair v. Rayburn,* 120 Ga. App. 57, 60 (169 SE2d 679); *Hanchey v. Hart,* 120 Ga. App. 677, 680 (171 SE2d 918).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*