46635. METZEL v. CANADA DRY CORPORATION et al.

HALL, Presiding Judge. Plaintiff in a personal injury action appeals from the judgment entered in accordance with a directed verdict for both defendants—Canada Dry and Coca-Cola.

Plaintiff's evidence showed that as he was in a grocery store picking up a 6-pack carton of Canada Dry soda, the plastic roller between the layers of cartons snapped back and the vibrations caused a loose bottle of Canada Dry soda located somewhere to fall and break, injuring his foot. The roller in question was red, he believed, and therefore the property of Coca-Cola as Canada Dry uses green rollers. The store manager testified that the various bottling companies installed the plastic dividers and their own route men replenished and stacked the cartons about twice a week; that each company had a section with its own dividers where the route men generally put the company's products; that store customers were notorious for switching bottles from carton to carton to buy a mixed or odd lot; that when any store employee found a loose or misplaced bottle, he replaced it properly; that this problem had been somewhat alleviated by the intro-

duction of closed-top cartons; and that while there were probably better ways to display beverages, he considered this method safe.

1. The only allegations of negligence against Coca-Cola are that it installed and maintained its plastic rollers negligently. There is not a scintilla of evidence in the record to support these allegations, and there is some doubt that Coca-Cola rollers were even involved. The court did not err in directing a verdict for this defendant.

2. The only additional link-up with Canada Dry is that its products were involved and presumably the section in which plaintiff was injured was stacked by its route man. However, plaintiff's pleadings and evidence do not involve negligent stacking of cartons. He testified that the injury resulted from the fall of a separate, loose bottle. There is no evidence to account for how it came to be there. In the face of clear evidence that countless people had access to the display and that customers were constantly shifting bottles around, sending the issue to the jury would allow it to engage in the sheerest speculation. *Lewis v. Drake,* 116 Ga. App. 581 (158 SE2d 266); *Southern Grocery Stores v. Greer,* 68 Ga. App. 583 (23 SE2d 484).

Plaintiff's contention that the issue should have been presented under the doctrine of res ipsa loquitur is without merit. The essential element of "control of the instrumentality" is completely missing here. See *Richmond County Hospital Authority v. Haynes,* 121 Ga. App. 537 (174 SE2d 364).

Finally, his contention that it is negligent to package bottled drinks in open-top cartons is equally without merit. Because new packaging methods have been introduced does not make a jury issue out of a method used for countless years. In any event, the store manager testified that some customers also were tearing apart closed-top cartons in order to select a variety or to purchase odd lots. The jury would not be authorized to find that but for the use of open cartons, a bottle would not have been

loose to cause the injury. The court did not err in directing a verdict for Canada Dry.

*Judgment affirmed. Eberhardt and Clark, JJ., concur.*

ARGUED OCTOBER 5, 1971—DECIDED JANUARY 6, 1972—REHEARING DENIED FEBRUARY 10, 1972—

*Moffett & Henderson, F. Glenn Moffett, Jr.,* for appellant.
*Neely, Freeman & Hawkins, J. Bruce Welch, Hurt, Hill & Richardson, Robert L. Todd, A. Timothy Jones,* for appellees.