## 51341. COX et al. v. K-MART ENTERPRISES OF GEORGIA, INC. et al.

WEBB, Judge.

Ruby and Carl Cox brought suit against K-Mart Enterprises of Georgia, Inc. and S. S. Kresge Company, d/b/a K-Mart, alleging that Mrs. Cox was injured in defendants' store by a falling vacuum cleaner. Plaintiffs testified that they were walking down an aisle when a canister-type vacuum cleaner with wheels fell and struck Mrs. Cox on the head and shoulder; that "this thing came off the high shelf on my head"; that the shelf was higher than Mrs. Cox' head and that she could not have reached it; that there were other vacuum cleaners on the shelf; and although they did not notice the cleaner until after Mrs. Cox was struck, it obviously had to fall from the high shelf to strike her as it did.

On cross examination Mr. Cox testified: "Q. Were there vacuum cleaners that were displayed, were they accessible to customers, could you walk right up to them? A. I think you would have had to have some way to have got up there on the high shelf, an ordinary woman couldn't have reached them." One of defendants' employees testified that the vacuum was on the floor earlier that morning, but that she did not know where it was prior to the incident. The trial court directed a verdict for defendants, and plaintiffs appeal from the judgment entered thereon.

We reverse. "A person who maintains a place of business to sell goods or services owes a duty to a customer of using ordinary care to keep the premises in a safe condition (Code § 105-401) and in the exercise of this duty the merchandise must be so placed as not to

cause injury to a customer exercising ordinary care." *Colonial Stores v. Donovan,* 115 Ga. App. 330, 331 (1) (154 SE2d 659) (falling carton of soft drinks). Accord, *Winn-Dixie Stores v. Fredericks,* 106 Ga. App. 732 (128 SE2d 542) (stack of canned goods falling from shelf); *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583 (125 SE2d 518) (roll of linoleum falling over); *Davis v. Harrell Concrete Products,* 105 Ga. App. 785 (125 SE2d 699) (sack of cement falling from stack); *Pitch'n Putt v. Atcheson,* 123 Ga. App. 200 (180 SE2d 246) (falling carton of soft drinks). Where a dangerous condition is created by the storekeeper, notice of the condition is presumed. *Lam Amusement Co. v. Waddell,* 105 Ga. App. 1 (4) (123 SE2d 310).

In *Winn-Dixie Stores v. Fredericks,* 106 Ga. App. 732, supra, plaintiff was injured when a stack of canned food fell from a shelf onto her foot as she picked up a can from the top of the stack. Although it would appear that the display was accessible to other customers and thus not within defendant's exclusive physical control, it was held that the doctrine of res ipsa loquitur was applicable. *Donovan* and *Youngblood,* supra, reach the same result. Compare *Metzel v. Canada Dry,* 125 Ga. App. 460 (188 SE2d 175).

Here plaintiffs testified that the vacuum cleaner had to fall from the high shelf which was not readily accessible, and there is no evidence that other customers moved merchandise around on this shelf. Under authority of the *Fredericks* case, supra, in which the Supreme Court denied certiorari, we hold that the doctrine of res ipsa loquitur is applicable. See Annot., Liability for Injury to Customer or Other Invitee in Store by Falling of Displayed, Stored, or Piled Objects, 38 ALR3d 363. Accordingly the trial court erred in directing a verdict for defendants.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 7, 1975 — DECIDED NOVEMBER 5, 1975.

*Jack Dorsey,* for appellants.
*Swift, Currie, McGhee & Hiers, George W. Hart,*

*William C. Sanders,* for appellees.