## 52459. SMITH v. TELECABLE OF COLUMBUS, INC.

BANKE, Judge.

The Supreme Court on certiorari (*Smith v. Telecable of Columbus, Inc.,* 238 Ga. 559 (234 SE2d 24) (1977)) having reversed the judgment of this court reported as *Smith v. Telecable 'of Columbus, Inc.,* 140 Ga. App. 755 (232 SE2d 100) (1976), our previous judgment is vacated and set aside.

The appellant was injured when an overhead cable which was owned, installed, and maintained by the appellee was snapped by a passing truck. At the first trial of the case, judgment was entered for the appellant in the sum of $27,500. The trial judge granted a motion for new trial solely on the ground that a charge on res ipsa loquitur was improperly given. It was contended that the appellee did not have "exclusive control" of the cable, thus preventing application of the doctrine of res ipsa loquitur. At the second trial, judgment was based on a verdict for the appellant in the sum of $17,000. The appellant appeals the trial judge's grant of a new trial on the special ground after the original $27,500 judgment.

The cable in question was strung across a public street from a pole to a house on the other side. The cable was connected to the pole at a height of fourteen feet and to the house at a height of ten feet. It sagged in such a manner that all witnesses described it as being extremely low, measuring about eleven feet over the road on the side nearest to the house.

The truck which broke the cable carried a winch which reached a height of approximately 11 1/2 feet. There is no evidence that the truck was carrying anything else which could have struck the cable on the day that the appellant was injured. Although the truck had often driven on the road without incident, the evidence shows that it usually drove down the middle of the unlined road (where the cable is slightly higher than at the edge near the house) and that there had been a recent snow, which may have caused the wire to sag further. On the day in question a car was approaching the truck from the opposite direction and probably caused the truck driver to drive more to the right (where the cable was lower) than

usual.

It is generally stated that for res ipsa loquitur to apply the injuring instrumentality must be in the exclusive control of the defendant; if there is an intervention by anyone else which could produce the injury, the doctrine does not apply. See *Miller v. Gerber Products Co.,* 207 Ga. 385 (62 SE2d 174) (1950); *Metzel v. Canada Dry Corp.,* 125 Ga. App. 460 (2) (188 SE2d 175) (1972). The appellee contends that the very breaking of the cable by the truck was an intervention which caused it not to have exclusive control of the cable for res ipsa loquitur purposes.

The strict application of the exclusive control requirement which the appellee urges, has been condemned by the text writers. 2 Harper & James, The Law of Torts, 1085, § 19.7 (1956); Prosser, The Law of Torts, 211, 220, § 39 (4th Ed. 1971). According to Harper & James, "[T]he courts do not generally apply this requirement as it is literally stated, although mechanical insistence upon it has brought about an occasional restrictive result. The requirement as it is generally applied is more accurately stated as one that the evidence must afford a rational basis for concluding that the cause of the accident was probably 'such that the defendant would be responsible for any negligence connected with it.' That does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door." The Law of Torts, supra, p. 1086, § 19.7. Under this test, the jury in the first trial was properly charged on res ipsa loquitur.

The appellee claims that there were other intervening causes which would deprive it of "exclusive control" and prevent application of the doctrine of res ipsa loquitur. On one occasion the cable was lifted so that a house could be moved underneath it. On another occasion the cable was lifted so that a large truck could back up to the house to which it was connected. And, as mentioned earlier, snow or ice might have affected the cable. To so strictly construe the doctrine as to allow these circumstances to prevent its application would be both unreasonable and improper under the law as set forth

above.

The judgment of the trial court is reversed, and the case is remanded with direction that judgment be entered in the amount of $27,500.

*Judgment reversed and remanded with direction. Quillian, P. J., and Shulman, J., concur.*

DECIDED JUNE 10, 1977.

*L. B. Kent*, for appellant.
*Edward W. Szczepanski*, for appellee.