### 59527. DeVANE et al. v. SMITH.

McMURRAY, Presiding Judge.

This case involves damages as to a cotton crop in 1976.

W. H. Smith, a cotton farmer, entered into a contract with W. M. DeVane and Frank DeVane, d/b/a DeVane Brothers Flying Service, to apply certain chemicals to his cotton crop by aerial application (crop dusting). The cotton crop in 1976 was to be sprayed with insecticides when it became necessary to do so. The crop dusters began spraying in June. Smith was to furnish the insecticides which he did on certain occasions. He picked these up from agricultural and chemical companies. He contends that between July 10, 1976, and July 15, 1976, the crop dusting firm negligently sprayed his 60 acres of cotton with "2-4-D," a herbicide and a deadly poison on cotton.

Whereupon Smith, as plaintiff, sued the DeVanes for damages to his cotton crop in the amount of $35,142. The defendants

answered, admitting jurisdiction but denying that they contracted to spray and dust the plaintiff's crop although they did spray the same. They contend that at plaintiff's request they sprayed the crop with chemicals supplied by the plaintiff and with quantities dictated by him, but deny, in particular, that they had applied "2-4-D" to the cotton.

The case proceeded to trial before a jury which returned a verdict for the plaintiff in the amount of $16,676.29. Judgment was entered accordingly. Defendants moved for a new trial which was thereafter amended and denied, and defendants appeal. *Held:*

1. The first and second enumerations of error are that the trial court committed harmful and reversible error in denying defendants' motion for new trial based upon the fact that the plaintiff had failed to produce any evidence of his savings in the expenses that would have been required to mature, harvest and market the full crop if the crop had not been injured or destroyed and also failed to introduce evidence of the market value of the crop for which he sought damages at the time of maturity. Therefore, plaintiff produced insufficient evidence for the jury to determine his damages.

At the trial the plaintiff's damages were predicated on the theory that plaintiff had lost the profit from his cotton crop by reason of the negligence of the defendants. Lost profits are recoverable as damages if such are shown with reasonable certainty. *Farmers Mutual Exchange v. Dixon,* 146 Ga. App. 663, 664-665 (5) (247 SE2d 124); *Kitchens v. Lowe,* 139 Ga. App. 526, 530-531 (228 SE2d 923). The defendant contends that the evidence submitted by the plaintiff admitted to only gross profits which are not recoverable, citing *Miller v. Tuten,* 137 Ga. App. 188, 191 (223 SE2d 237). Further, it is claimed that the plaintiff failed to give the jury facts which would enable them to estimate the lost profits, if any, with reasonable certainty in that he failed to introduce any evidence of his prospective expenses to produce the crop. However, the testimony of the plaintiff fully complied with the quantum of proof necessary to recover lost profits. Evidence was submitted as to the character of the soil, the condition of the crop prior to injury, the character of the cultivation of the cotton crop, the actual yield of the cotton crop, the probable yield of the cotton crop, the nature of the seasons, and comparisons with prior crops on the same land. All of this testimony authorized the jury to reach a determination as to the amount of lost profits.

Defendants also contend there was no proof of the market value of the cotton at maturity. However, there was proof of prospective expenses saved and market value at maturity. Hence, the jury had

before it all the information necessary to make its calculation as to damages. The findings of the verdict and judgment were within the range of the testimony as to the damages. See *Summerfield v. DeCinque,* 143 Ga. App. 351, 352-353 (2) (238 SE2d 712); *Johnson v. Fulmer,* 129 Ga. App. 317 (1) (199 SE2d 639). These enumerations of error are without merit.

2. In the charge the trial court instructed the jury as to the doctrine known as res ipsa loquitur, that is, "where it is shown that the Defendants owned, operated, maintained or controlled and were responsible for the management and maintenance of the thing doing damage, and where it is shown that the event causing damage to Plaintiff was a kind which ordinarily does not occur in the absence of someone's negligence, and where it is shown that the injury was not due to any voluntary action or contribution on the part of Plaintiff, you may infer that the Defendants were negligent in causing the injury complained of."

Objection was made by counsel for the defendants at the end of the charge that the facts in the case do not support a charge of res ipsa loquitur. Error is now enumerated that the doctrine of res ipsa loquitur was not applicable to the facts of the case and should not have been considered by the jury in determining whether or not the defendants were liable to the plaintiff. The charge given was as found in *Winn-Dixie Stores v. Fredericks,* 106 Ga. App. 732 (128 SE2d 542) (stack of canned goods falling from a shelf); *Cox v. K-Mart Enterprises of Georgia, Inc.,* 136 Ga. App. 453, 454 (221 SE2d 661) (vacuum cleaner falling from a high shelf not readily accessible and no evidence that other customers moved the merchandise); *Macon Coca-Cola Bottling Co. v. Chancey,* 216 Ga. 61, 63 (1) (114 SE2d 517) (foreign substance found in a bottled drink consumed by plaintiff); and *Chenall v. Palmer Brick Co.,* 117 Ga. 106 (1), 110 (43 SE 443) (fall of a brick arch injuring plaintiff in that he had been put in an unsafe place to work under an arch that had been unskillfully constructed and did not know of this condition and could not have discovered the defect by ordinary care).

Res ipsa loquitur creates a mere inference of fact and not a presumption of truth. Here the evidence showed defendants were in requisite control of the offending instrumentality; the airplane was in fact the causative agent and testimony that the defendants on several occasions admitted they were responsible for the damages to the cotton and that the damage resulted by allowing "2-4-D," or a derivative thereof, to be sprayed on the cotton belonging to plaintiff. While there is not a complete explanation that the defendants sprayed the cotton with a herbicide known as "2-4-D," or a derivative thereof, there was sufficient evidence to support a mere

inference of fact which is all that is required under the doctrine of res ipsa loquitur. Therefore the plaintiff was entitled to have a charge given to the jury as to the doctrine. See *Harrison v. Southeastern Fair Assn.,* 104 Ga. App. 596, 606 (122 SE2d 330). Here the testimony was that the defendants owned, operated, and maintained or controlled the only instrument by which the cotton was sprayed, that is, defendants' airplane. See *Smith v. Telecable of Columbus,* 142 Ga. App. 535 (236 SE2d 523); *Fender v. Colonial Stores,* 138 Ga. App. 31, 38-39 (225 SE2d 691).

The testimony with reference to how the cotton was damaged, in the way in which the cotton was sprayed, that is, "with the rows," and one of the defendants was seen flying the airplane over the top of an adjoining house with oak trees which were likewise damaged, created the greater probability that defendants caused the damage to the plaintiff's cotton crop. The doctrine of res ipsa loquitur is merely a rule of evidence permitting the jury to draw the inference of negligence and does not have the effect of shifting the burden of proof. See *Parham v. Roach,* 131 Ga. App. 728, 734 (206 SE2d 686). There is no merit in this complaint.

3. The remaining enumeration of error is to a charge regarding the mitigation of damages. However, when the defendants were given a suitable opportunity to make objections to the charge, counsel for the defendants failed to object. Hence the defendants are now precluded from alleging error on that ground. See Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Foster v. Harmon,* 145 Ga. App. 413, 416 (5) (243 SE2d 659); *Dawkins v. Thomas Hair & Scalp Corp.,* 145 Ga. App. 568, 569 (2) (244 SE2d 88). We do not consider the alleged erroneous instruction to the jury as coming within the so-called substantial error rule so as to result in a gross miscarriage of justice. We find no reversible error here. See *Newcomb v. Pattillo,* 119 Ga. App. 495 (3), 498 (167 SE2d 665); *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (3) (150 SE2d 271).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 11, 1980 — DECIDED APRIL 9, 1980 — REHEARING DENIED APRIL 29, 1980 —

*Guy D. Pfeiffer,* for appellants.
*William C. McCalley,* for appellee.