## A91A1972. STAPP et al. v. GRAND UNION COMPANY.

(416 SE2d 535)

CARLEY, Presiding Judge.

Appellant-plaintiff Mrs. Violet Stapp is a food brokerage sales representative. While standing in the warehouse area of appellee-defendant's store, she was injured when a 12-foot wooden ladder, weighing some 55 to 60 pounds, fell and struck her. Appellant did not see the falling ladder and, according to the testimony of the sole eyewitness, the ladder had been leaning vertically against the wall approximately ten feet behind appellant when it suddenly fell. The ladder,

which was for use by appellee's employees to change light bulbs, had been stored in the same position for at least the three preceding days.

As the result of her injuries, appellant and her husband filed suit against appellee. The case was brought to trial before a jury, but, at the close of appellants' evidence, the trial court granted a directed verdict in favor of appellee. Appellants appeal from the judgment entered by the trial court on its grant of appellee's motion for a directed verdict.

The record shows that appellants "presented no evidence at trial of any specific instances of negligence on the part of [appellee] in keeping the premises safe for its [business invitees]. Instead, [they] simply showed that the [ladder] had [fallen on appellant Mrs. Stapp], relying on the doctrine of res ipsa loquitur to reach the jury. 'The expression "res ipsa loquitur" means that the transaction speaks for itself. It is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that "the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage," and "the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence." [Cit.] The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant.' [Cit.]" *Gresham v. Stouffer Corp.*, 144 Ga. App. 553-554 (241 SE2d 451) (1978). Accordingly, the issue for resolution is whether the trial court correctly held that appellants had failed to adduce evidence which was sufficient to authorize a recovery under the theory of res ipsa loquitur.

The trial court held that appellants had failed to establish that appellee was in control of the ladder. However, it is clear from the record that appellee owned and operated the store. It is also clear that the ladder was to be used only for appellee's business purposes. See *Gresham v. Stouffer Corp.*, supra at 554. It is true that there was also evidence that, other than appellee's employees, vendors, such as appellant Mrs. Stapp, did have authorized access to the warehouse area and would pass through the double doors near the area where the ladder had been positioned. However, the ladder was for use by appellee's employees, not for the use of the vendors, and "[t]he record in the present case does not disclose that any [vendor] touched the [ladder] or that any [vendor] had an opportunity to do so." *Winn-Dixie Stores v. Fredericks*, 106 Ga. App. 732, 735 (2) (128 SE2d 542) (1962). Thus, "[a]lthough it would appear that the [ladder] was accessible to [such vendors] and thus not [strictly] within [appellee's] exclusive physical control, . . . the doctrine of res ipsa loquitur [may nevertheless be] applicable." *Cox v. K-Mart Enterprises of Ga.*, 136 Ga. App. 453, 454 (221 SE2d 661) (1975). Considering the limited ac-

cess to the warehouse and the limited use to which the ladder was intended to be put, "a jury would be authorized to conclude that the [ladder] was in the full control of [appellee] and that [appellee] was responsible for its maintenance." *Gresham v. Stouffer Corp.*, supra at 554. "The facts as to how and when and by whom the ladder was brought into the store, and as to by whom it was raised . . . to [its] position [on the wall], and who had charge of it, are not specifically shown, but we think the evidence . . . is sufficient to support a finding that [appellee] had possession of the store and of the ladder and that they were exercising dominion over such property." *Raber v. Tumin*, 226 P2d 574, 576 (4) (Cal. 1951). Thus, the trial court erred in holding that evidence that appellee owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the ladder was not sufficient. See *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 525-526 (3b) (317 SE2d 853) (1984); *Sams v. Gay*, 161 Ga. App. 31, 33 (2) (288 SE2d 822) (1982); *Smith v. Telecable of Columbus*, 142 Ga. App. 535, 536 (236 SE2d 523) (1977). Compare *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 624 (2) (385 SE2d 725) (1989).

Appellee also moved for directed verdict on the ground that the occurrence was not of a kind which does not ordinarily happen without negligence. However, " '[f]rom the fact that the [ladder] fell of its own weight, without any [proof of] external violence, a fair presumption would be that the fall occurred through adequate causes, one of the most natural of which would be the negligent and faulty [placement] of the [ladder] itself.' " *Chenall v. Palmer Brick Co.*, 117 Ga. 106, 110 (43 SE 443) (1903) (the first Georgia case directly applying the principle of res ipsa loquitur). A person standing in a grocery store warehouse area "is not ordinarily, in the absence of someone's negligence, struck . . . by a falling . . . ladder. . . ." *Raber v. Tumin*, supra at 577.

It follows that the trial court erred in granting appellee's motion for directed verdict.

*Judgment reversed. Beasley, J., and Judge Arnold Shulman concur.*

Decided February 24, 1992 —
Reconsideration denied March 11, 1992 —

*Michael R. Sheppard, William E. Cetti,* for appellants.
*Sullivan, Hall, Booth & Smith, Alexander H. Booth, Jeffrey T. Wise,* for appellee.