## A94A0072. BLANKENSHIP et al. v. WEST GEORGIA PLUMBING SUPPLY, INC.
(444 SE2d 596)

COOPER, Judge.

West Georgia Plumbing Supply, Inc. ("plaintiff") brought an action on an open account against appellant Earl Blankenship. Service was accomplished on February 7, 1991, by leaving a copy of the com-

plaint with appellant Martha Gaynelle Blankenship, Earl Blankenship's wife. On May 7, 1991, Mr. Blankenship made several conveyances to his wife, including a security deed and $2,500 note from Clifford and Charlene Lisle ("Lisle note") which was held in his name. As a result of the conveyances, Mr. Blankenship was left with virtually no property in his name. On May 22, 1991, Mr. Blankenship entered prison and served eight months of a two-year sentence for mail fraud. During his imprisonment, the case was tried, and a judgment was entered for plaintiff for $8,017.40. However, at that point, Blankenship had no financial means to satisfy the judgment. Plaintiff then brought the instant action against Mr. and Mrs. Blankenship to set aside the conveyances as fraudulent. Plaintiff alleged that during the pendency of the action on the open account, Mr. Blankenship fraudulently conveyed various interests in real property to his wife for the sole purpose of hindering and defrauding plaintiff in the collection of its judgment; that no adequate consideration was paid by Mrs. Blankenship; and that Mrs. Blankenship was aware of the pending action by virtue of her having accepted service of the complaint.

At trial, Mr. Blankenship testified that the conveyances to his wife were not related to plaintiff's lawsuit. He explained that, under advice of counsel, he transferred his interests to his wife so that she could look after them while he was in prison. The Blankenships also presented evidence demonstrating that over the years they had a practice of transferring property interests between themselves. For example, the evidence showed that from time-to-time, Mr. Blankenship was a home builder and that in order to finance his building projects, Mrs. Blankenship would buy lots with her own money and deed the lots to Mr. Blankenship so that he could use the lots as collateral for construction loans. Mr. Blankenship would then build the homes, and Mrs. Blankenship would be repaid when the houses sold. The Blankenships contended that the Lisle note resulted from this type of transaction.

It appears that Mrs. Blankenship purchased two lots in the Oak Knoll Subdivision for $15,500 and conveyed them to her husband. Mr. Blankenship built houses on each lot and sold both homes to third parties. In the sale of the first house, Mr. Blankenship made enough to repay his wife for her initial purchase of the lot. However, the sale of the second house to the Lisles did not fully cover the cost of the lot, and Mrs. Blankenship was still owed $2,500. As a result, the Lisles gave Mr. Blankenship a note for $2,500 and security deed. Mrs. Blankenship testified that her husband told her that he conveyed the instruments to her to allow her to collect the note. Mr. and Mrs. Blankenship testified that the $2,500 note represented the $2,500 still owed to Mrs. Blankenship for her purchase of the lot.

Defendants Mr. and Mrs. Blankenship submitted three requests

to charge, and the trial court refused to give one of defendants' requests. Defendants excepted to the court's failure to give the excluded charge, and the jury returned a verdict for plaintiff, setting aside the conveyances and awarding $3,500 in punitive damages. The judgment also included an award of $3,500 for attorney fees and an award of money damages in the amount of $2,906.23 against Mrs. Blankenship, $1,533.88 of which represented payment she received on the Lisle note since the May 7, 1991 conveyance. Defendants' motion for new trial was denied and this appeal followed.

Defendants enumerate as error the trial court's failure to give their request to charge which reads as follows: "Where a wife is owed money by her husband it is not fraudulent for the husband to transfer property to the wife for the purpose of paying the debts owed her, provided the property so conveyed be reasonably proportioned to the amount of the debt owed her and the husband may prefer payment to the wife over any other unsecured creditor." The trial court did not indicate its rationale for excluding the charge. Plaintiff has no quarrel with the request as an abstract principle of law but contends that the charge is inapt and not adjusted to the evidence because it was not limited to the Lisle note. Plaintiff argues that the charge is capable of being interpreted by the jury to apply to the other transfers of May 7, 1991, in which there was no claimed indebtedness between the Blankenships and was properly refused by the trial court on this basis. We disagree.

Basically, there are only three conveyances at issue in the instant action, and the conveyance of the Lisle note is the only conveyance about which there was evidence of indebtedness between the Blankenships, as husband and wife. The other two conveyances involved the assignment of a security deed and note in Mr. Blankenship's name representing an unrelated mortgage Mr. Blankenship personally held on another home he sold to separate purchasers and the conveyance by warranty deed of two lots in another subdivision to Mrs. Blankenship for and in consideration of love and affection. Thus, the jury could not have been confused about the application of the charge and the charge could not be applied equally to the other conveyances because they did not involve a claimed indebtedness between husband and wife.

"It is the duty of the trial court to charge the jury on the law applicable to the issues where there is any evidence on which to predicate the instructions. A refusal to give a charge is error if the charge is a correct statement of the law and applicable to the issues involved." (Citations and punctuation omitted.) *Smoky, Inc. v. McCray*, 196 Ga. App. 650, 653 (5) (396 SE2d 794) (1990). Conflicts in the testimony regarding Mr. Blankenship's reasons for making the conveyances and questions involving adequate consideration and Mrs.

Blankenship's knowledge of the previous lawsuit are issues of fact to be resolved by the jury and are not relevant to our inquiry. "[Defendants'] request contained a correct statement of law and was adjusted to the evidence. [See *Strickland v. Davis*, 184 Ga. 76, 79-80 (1) (190 SE 586) (1937).] The objection was properly preserved. Failure to give the requested charge on a critical legal theory of recovery constituted substantial error and was harmful as a matter of law. [Cits.]" *McDevitt & Street Co. v. K-C Air Conditioning Svc.*, 203 Ga. App. 640, 647 (9) (418 SE2d 87) (1992). Thus, the trial court erred in denying defendants' motion for new trial.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994.

*Worthington & Flournoy, Thomas M. Flournoy, Jr.*, for appellants.

*Grogan, Jones, Rumer & Gunby, Milton D. Jones*, for appellee.