A99A1899. KMART CORPORATION v. LARSEN et al.
(522 SE2d 763)

BLACKBURN, Presiding Judge.

In this premises liability action, Kmart Corporation appeals, following a jury trial, from a judgment in favor of Kathryn and Vernon Larsen, contending the trial court erred by charging the jury on res ipsa loquitur. We affirm.

On appeal from a jury verdict, we construe the evidence to support the jury verdict and judgment. *Neal v. CSX Transp.*, 213 Ga. App. 707 (2) (445 SE2d 766) (1994). The jury was presented two theories of the case. The shelves fell either as a result of Ms. Larsen, who was 85 years old, having bumped into them or as a result of Kmart's negligence which was inferred by res ipsa loquitur. The evidence showed that the Larsens were shopping at a Kmart store in

LaGrange. Walking to the pharmacy, the Larsens encountered five-foot lengths of shelving which were stacked and leaning against the shelving unit, partially blocking the aisle. The Larsens spoke with a Kmart employee, Brenda, who was standing on a step stool rearranging the shelving and hanging clothes. Brenda told the Larsens, who had already passed the stacked shelving, not to proceed down the aisle any further, but to take a different route to the pharmacy. After Ms. Larsen had turned back down the aisle, she felt something hit her on the head, and shelving fell down on and around her. Ms. Larsen suffered various injuries as a result. Ms. Larsen could not recall whether she bumped into the shelving, but she did not think she had. The trial court charged the jury on premises liability, negligence, res ipsa loquitur, and plaintiff's duty of care. The jury found Kmart liable, accepting Ms. Larsen's theory and rejecting Kmart's contention that Ms. Larsen had walked into the stack of shelves.

Kmart challenges the charge on res ipsa loquitur contending that it did not conform to the evidence. We must determine whether the doctrine of res ipsa loquitur is appropriate where Ms. Larsen testified that she did not recall whether she bumped into the shelving, but she did not think she had. Res ipsa loquitur is a rule of evidence to be applied in " 'cases where there is no evidence of consequence showing negligence on the part of the defendant.' " *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96, 99 (453 SE2d 123) (1995); *Stapp v. Grand Union Co.*, 203 Ga. App. 319 (416 SE2d 535) (1992). The doctrine authorizes, but does not require, the jury to infer facts from the circumstances in which the injury occurred, thereby filling the evidentiary gap.

A charge on res ipsa loquitur is not precluded by an unsupported contention that the plaintiff was negligent. Res ipsa loquitur is authorized where

> (1) [the] injury [is] of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

(Punctuation omitted.) *Ballard*, supra at 99 (2); *Westinghouse Elec. Corp. v. Williams*, 173 Ga. App. 118 (325 SE2d 460) (1984).

No evidence was produced from which a jury could infer that Ms. Larsen contributed to the incident. Moreover, the shelving was in the exclusive control of Brenda, the Kmart employee who was rearranging the shelves at that very moment. Brenda did not testify at trial. Res ipsa loquitur is appropriate here as, ordinarily, a person walking

down an aisle is not struck by falling shelves unless someone was negligent.

We are mindful that "res ipsa loquitur should be applied with caution and only in extreme cases[] and [is not applicable] when there is an intermediary cause which could have produced the injury." *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 316 (491 SE2d 517) (1997). In *Sams*, the plaintiff was injured by cookware which fell off a shelf at Wal-Mart. No employees were in the area, and the cookware was within easy reach of other customers who might have improperly stacked it. Because the boxes were within the reach of other customers, Sams could not show that Wal-Mart retained exclusive control over them. Id. In the present case, there is no evidence of an intermediary cause.

Kmart's argument that the charge relieved the jury from considering whether Ms. Larsen caused her own injuries by bumping into the shelves ignores that the inference can be overcome by evidence.

[T]he drawing of this inference is not necessarily to result in a finding in favor of the plaintiff. It imposes upon the jury the duty of making further inquiry as to whether this inference has been overcome by a satisfactory explanation. If the jury have drawn the inference of negligence, and there is evidence which satisfies their minds, notwithstanding such inference of negligence, that the occurrence was really brought about by some other cause[,] the inference is overcome, and the jury should find in favor of the defendant.

(Punctuation omitted.) *Parham v. Roach*, 131 Ga. App. 728, 732 (3) (206 SE2d 686) (1974).

The res ipsa loquitur charge did not prevent the jury from considering Kmart's theory that Ms. Larsen caused her own injuries. Kmart's theory was supported by a charge on the plaintiff's duty of ordinary care. The jury determined that the evidence did not support Kmart's theory. The trial court properly charged the jury on res ipsa loquitur.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 28, 1999 —
RECONSIDERATION DENIED OCTOBER 14, 1999 —

*Kinney, Kemp, Sponcler, Joiner & Tharpe, F. Gregory Melton*, for appellant.

*Willis, McKenzie & Long, Charles J. Willis*, for appellees.