A07A0607. DOYLE et al. v. RST CONSTRUCTION SPECIALTY, INC. et al.
(648 SE2d 664)

BARNES, Chief Judge.

William and Kim Doyle appeal from the jury's defense verdict in their personal injury case against RST Construction Specialty, Inc. and Derrick Cheek, arguing that the trial court erred in refusing to give their requested charge on res ipsa loquitur. Because the charge was appropriate under these peculiar facts, and the trial court's failure to give the charge affected a vital issue in the case, we reverse and remand for a new trial.

William Doyle was waiting at a light on Brook Hollow Parkway at its intersection with Jimmy Carter Boulevard when a dump truck owned by RST and driven by owner-operator Derrick Cheek turned right off of Jimmy Carter onto Brook Hollow. The truck was hauling a 20-foot trailer loaded with a 15.8-ton excavator, which Cheek had been trying out on a project. Cheek was returning the excavator to RST's shop, and as he turned, the trailer rolled over and the excavator fell off onto the road. The excavator's boom landed on top of Doyle's car, pinning him inside for more than an hour and causing him serious injuries.

At trial, Cheek testified on cross-examination, admitting that Doyle was not at fault and that he and his crew were solely responsible for loading the excavator onto the trailer. They loaded it with the

scoop bucket folded up and over, which was the only way to load it so that the boom did not protrude beyond the back end of the trailer. He did not know the trailer was tipping over until after it flipped and forced the truck's back tires off the ground into the air, and he testified that his truck and trailer never crossed the yellow line until after the trailer overturned.

When asked if he had an explanation for what caused the accident, Cheek said:

> If you go to that intersection and drive down the path [he had driven], when you make the curve you'll notice that the road is pitched approximately five degrees towards the center of the intersection, which, you know by DOT standards, it should be flat or pitched away throwing the traffic away from the center of the intersection. And you know I have no total conclusion on exactly what happened, but I know that the pitch of the road going around the curve caused the machine to roll over.

After reviewing some pictures of the intersection, Doyle asked, "What I hear you saying is that the road caused it?" Cheek replied, "Well, the road had something to do with it. I don't know exactly what caused it. I don't know what the conclusion is."

Cheek agreed that trailers did not normally roll over in intersections, that he had successfully pulled loaded trailers through this intersection before, and that something about this incident distinguished it from "normal." He could not have lowered the bucket to lower the machine's center of gravity because it would have been dangerous with the boom sticking out. He chose not to use a contract hauler because he "certainly didn't think there was any chance that it would roll over that or any other intersection. We have hauled that piece, or pieces just like that, like I said, all over town over one hundred times and have never had an incident." While a different type of trailer exists which is lower to the ground and thus has a lower center of gravity, he used the trailer he did because it was the only one RST owned. The dealer he bought it from said the trailer was sufficient to haul RST's largest piece of equipment, which outweighed this excavator by seven or eight thousand pounds and was a little taller. Cheek estimated that he was going less than ten miles per hour as he turned. His was the only testimony regarding the collision, as Doyle literally did not know what hit him.

After both parties rested, the trial court ruled during the charge conference that it *would* give Doyle's request to charge the jury on the

doctrine of res ipsa loquitur.[1] Cheek argued that the doctrine was "applicable only in the absence of evidence as to the external cause of the injury." In this case, he continued, because there was evidence that the road's banking could have caused or contributed to the accident, it did not apply, citing *Floyd v. Swift & Co.*, 59 Ga. App. 154 (200 SE 531) (1938).

The next morning before the jury was seated, the trial court announced that it had reviewed *Floyd* and another case and had determined that "basically, there was some evidence of an external cause" in this case. Therefore, based on those cases, it held that the res ipsa loquitur charge was not warranted. Doyle objected to the exclusion of the charge, then, and again after the jury was charged, and thus preserved the issue for review. After the jury returned its defense verdict, the trial court issued its judgment and Doyle appealed.

1. Doyle contends that the trial court erred in refusing to charge the jury on the doctrine of res ipsa loquitur. Cheek contends that the trial court properly declined to give the charge because Doyle introduced "significant evidence of alleged negligence." In response, Doyle noted that, "[g]iven the court's last-minute ruling that res ipsa was unavailable, it is unsurprising that Plaintiffs attempted to emphasize some acts of negligence to the jury" in the closing argument.

Res ipsa loquitur is a rule of evidence that, under certain conditions, allows the jury to infer negligence from "the manner of the occurrence of the injury complained of, or the attendant circumstances." *Palmer Brick Co. v. Chenall*, 119 Ga. 837, 842 (47 SE 329) (1904). The jury may draw the inference "from proved facts. [The rule] furnishes a working basis for reasonable hypothetical conjecture, and gives scope for legitimate reasoning by the jury." *Macon Coca-Cola Bottling Co. v. Chancey*, 216 Ga. 61, 64 (1) (114 SE2d 517) (1960). "In construing and applying testimony, reasonable inferences and deductions may be made, and conclusions may be reached that lie quite beyond the mere letter of the evidence." *White v. Hammond*, 79 Ga. 182, 185 (4 SE 102) (1887).

The rule was first named by a Georgia appellate court in *Chenall v. Palmer Brick Co.*, 117 Ga. 106 (43 SE 443) (1903), although the court noted that the code already included "a sort of statutory application of the maxim res ipsa loquitur, since that statute raises a presumption of negligence from the mere happening of the injury." Id. at 108. The current version of this statute is found at OCGA § 24-4-9, which provides, "In arriving at a verdict, the jury, from facts proved,

---

[1] Doyle had also stated in the consolidated pretrial order that he would be relying on the doctrine of res ipsa loquitur.

and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved."

The plaintiff must establish three elements for this rule of evidence to apply: (1) the injury ordinarily would not occur in the absence of negligence; (2) the injury was caused by an agent or instrument within the defendant's exclusive control; and (3) the injury was not due to any voluntary action or contribution on plaintiff's part. *KMart Corp. v. Larsen*, 240 Ga. App. 351, 352 (522 SE2d 763) (1999) (affirming plaintiff's verdict after trial court charged on res ipsa).

Doyle established these elements at trial. As to the first element, despite Cheek's assertion that "[t]here is nothing about this accident that separates it from the multitude of motor vehicle accidents which happen daily, some of which result in personal injury," a 15.8-ton machine rolling off a trailer without explanation and crushing a driver sitting at a stop light is an extraordinary event. Further, Cheek admitted that trailers do not ordinarily roll over in this, or any other, intersection.[2] Cheek also admitted that he was in exclusive control of the truck and trailer, and that he and his crew were solely responsible for loading the excavator onto the trailer. Finally, as to the third element, that the plaintiff's actions did not cause or contribute to the injury, Cheek testified twice that Doyle did nothing to cause the accident.

Cheek argues that the trial court correctly concluded that Doyle presented sufficient direct evidence of negligence to make the doctrine of res ipsa inapplicable. The trial court found persuasive the language in *Floyd v. Swift & Co.*, supra, 59 Ga. App. at 157, that "the doctrine is applicable only in the absence of evidence as to an external cause of the injury. In other words, where there is some intervention or intermediary cause which produces or could produce the injury complained of, the doctrine of res ipsa loquitur is not applicable." The trial court thus held that "because there was some evidence of an external cause" in this case, the charge was not applicable.

The facts in *Floyd*, however, established much more than just "some" evidence that the plaintiff's injury was due to an intermediary cause. There, the plaintiff became ill after eating sausage manufactured by the defendant which the retailer had opened and left unrefrigerated for several days, contrary to the label's instructions,

---

[2] While Cheek claims on appeal that his admissions at trial were merely "factual, not legal," that argument is not persuasive. In the case he cites to support that proposition, the Supreme Court simply held that res ipsa did not apply because the plaintiff presented no evidence regarding "the manner in which the injury occurred." *Parker v. Dailey*, 226 Ga. 643, 645 (1) (177 SE2d 44) (1970).

before the plaintiff bought it. While other cases have stated that the doctrine of res ipsa is not applicable if some other cause could produce the injury,[3] further examination reveals that this is but a partial explanation of the doctrine. The quantum of evidence needed to remove the doctrine from consideration must at least be significant.

If the jury can more reasonably infer from the facts presented that the injury was caused by the defendant than any other inference, the jury is authorized to conclude that the defendant was negligent. *Central of Ga. R. Co. v. Blackman*, 7 Ga. App. 766, 771-772 (68 SE 339) (1910). It is "the prerogative of the jury to say in the first instance whether the evidence adduced to raise the inference of fact, — that an extraordinary and unexplained casualty authorized an inference that the defendant was negligent, — is sufficient or insufficient for the purpose." *Sinkovitz v. Peters Land Co.*, 5 Ga. App. 788, 793 (64 SE 93) (1909) (plaintiff struck by pieces of glass falling from building window). If the testimony "created the greater probability that [the] defendant[ ] caused the damage," then the jury is permitted to infer that the defendant was negligent, and a res ipsa charge is warranted. *DeVane v. Smith*, 154 Ga. App. 442, 445 (2) (268 SE2d 711) (1980). "[T]he doctrine of res ipsa loquitur does not require elimination of all other possible occurrences; it must only 'render less probable all inconsistent conclusions.' *White v. Exec. Committee of Baptist Convention*, 65 Ga. App. 840, 842 (16 SE2d 605) (1941)." *Persinger v. Step by Step &c.*, 253 Ga. App. 768, 772 (560 SE2d 333) (2002).

Text writers such as Prosser and Harper & James have condemned the strict application of the "exclusive control requirement." *Smith v. Telecable of Columbus*, 142 Ga. App. 535, 536 (236 SE2d 523) (1977). The rule

> is more accurately stated as one that the evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it. That does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door. *Smith v. Telecable of Columbus*, [supra].

---

[3] *Miller v. Gerber Products Co.*, 207 Ga. 385, 388 (62 SE2d 174) (1950). See also, e.g., *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 316 (491 SE2d 517) (1997); *Woolbright v. Six Flags Over Ga.*, 172 Ga. App. 41, 42 (2) (321 SE2d 787) (1984); *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 367, n. 1 (203 SE2d 587) (1973); *YMCA v. Bailey*, 112 Ga. App. 684, 693 (146 SE2d 324) (1965).

(Punctuation omitted.) *Sams v. Gay*, 161 Ga. App. 31, 33-34 (2) (288 SE2d 822) (1982). If the evidence includes an incomplete explanation of the facts of the occurrence "to the extent that the true cause is still left in doubt or is not clearly shown, the doctrine of res ipsa loquitur remains in the case, leaving to the jury a permissible inference of negligence for them to accept or reject. *Harrison v. Southeastern Fair Assn.*, 104 Ga. App. 596, 608 (122 SE2d 330) [(1961)]." *Richmond County Hosp. Auth. v. Haynes*, 121 Ga. App. 537, 542 (1) (174 SE2d 364) (1970) (res ipsa charge proper where true cause of injury to wrists from restraints was in doubt, despite defendant's evidence it followed prescribed routine).

On the other hand, if the cause of the accident is *fully explained*, the doctrine does not apply. "[It] is a doctrine of necessity to be applied, where otherwise appropriate, in cases where there is no evidence *of consequence* showing negligence on the part of the defendant." (Emphasis supplied.) *Southern Bell &c. Co. v. LaRoche*, 173 Ga. App. 298, 299 (1) (325 SE2d 908) (1985). It also does not apply if the evidence shows that the injury could just as reasonably been caused by something other than the defendant's negligence. See, e.g., *Ken Thomas of Ga., Inc. v. Halim*, 266 Ga. App. 570, 573 (597 SE2d 615) (2004) (mechanical failure in car may occur absent negligence); *YMCA v. Bailey*, supra, 112 Ga. App. at 693 (evidence of drowning, without more, just as likely the result of accident).

While Cheek points out that Doyle discussed multiple acts of Cheek's negligence in his closing argument,[4] argument is not evidence. Doyle had to argue something because the trial court was not going to charge on res ipsa, and thus he argued during closing that Cheek committed several negligent acts. Cheek argued in response that Doyle presented no evidence to prove that the trailer was wrong or loaded improperly or that Cheek was driving too fast, and noted that Doyle had presented no evidence that the road "wasn't banked the wrong way," as Cheek testified.

The only actual evidence presented during the trial consisted of Cheek's statements from which the jury could *infer* that Cheek *might* have been negligent in certain respects. For example, while Cheek testified that a lower trailer existed, he did not testify that using one would be safer; to the contrary, he testified that he sent the specifications for an even larger machine to the dealer so that the trailer he bought would fully comply with DOT regulations. He did not use a contract hauler because he did not need to, as he had the expertise

---

[4] Those arguments were that Cheek should have hired a contract hauler, used a trailer with a lower center of gravity, and been formally trained in safety, and that he failed to tuck in the bucket to lower the center of gravity, left his lane of travel, and was driving too fast for conditions.

and equipment to do it himself. He loaded the excavator with the bucket extended back over the machine so it would not protrude beyond the end of the trailer; he did not testify that loading it in a tucked position would be safer. In fact, he testified that he loaded it in the only safe way possible. He also testified that he never left his lane of travel until the trailer pulled him over the yellow line as it rolled, and that he was going less than ten miles per hour when the trailer flipped.

The only evidence at trial about what might have caused the accident was Cheek's testimony, quoted in full earlier, about the road having a five degree pitch toward the center of the intersection when he thought it should have been flat or pitched in the opposite direction. But when asked if that pitch caused the accident, he said he had "no total conclusion," he did not know exactly what caused it, and he did not know "what the conclusion is." This minimal explanation of a possible contributing factor is not sufficient evidence to remove Doyle's right to have the jury consider whether the act of this machine falling off this trailer onto his car speaks for itself and says, "This defendant was negligent."

> [W]here the doctrine is otherwise applicable, the plaintiff does not forfeit his right to have it applied by introducing some evidence of specific negligence which does not clearly and definitely establish the precise cause of the injury. 33 A.L.R.2d 791, 795. Unfortunately for the litigants, and exceedingly difficult for the trial judge before whom are tried matters where the rule may be applicable, there is apparently no precise rule or standard by which the issue may be accurately gauged. . . . [T]he appellate courts of this State . . . have not established any satisfactory guide for the trial judge to follow in this field. . . . It therefore would seem patently unjust and unfair for the appellate courts to say that the introduction of any evidence of negligence, however meager and unconvincing it may be, would bar the plaintiff from the benefit of the rule of res ipsa loquitur.

*Harrison v. Southeastern Fair Assn.*, 104 Ga. App. 596, 607-608 (3) (122 SE2d 330) (1961);[5] accord *Taylor v. ROA Motors*, 114 Ga. App. 671, 680 (5) (152 SE2d 631) (1966).

While Cheek points out that few cases discussing res ipsa involve vehicular collisions, this case is not an everyday, run-of-the-mill car

---

[5] While one judge concurred specially in Division 2 of the opinion, the remaining divisions are binding precedent.

wreck; fortunately for the motoring public, it is an extraordinary event. Generally, 15-ton machines do not fall off their trailers into the street. While Cheek warns that we should not throw "caution to the wind by making res ipsa applicable to motor vehicles," this court is simply holding that the venerable doctrine applies in this case, given the peculiar facts presented. Moreover, this argument disregards the number of previous cases in which the doctrine has been applied.

The trial court erred in refusing to give Doyle's requested charge on res ipsa loquitur.

2. We also find that the failure to charge the jury on res ipsa loquitur is harmful error.

It is the duty of the trial court to charge the jury on the law applicable to the issues where there is any evidence on which to predicate the instructions. A refusal to give a charge is error if the charge is a correct statement of the law and applicable to the issues involved. . . . Failure to give the requested charge on a critical legal theory of recovery constituted substantial error and was harmful, as a matter of law.

(Punctuation omitted.) *Blankenship v. West Ga. Plumbing Supply*, 213 Ga. App. 275, 277-278 (444 SE2d 596) (1994).

To warrant the court in charging the jury on a given topic, . . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts.

*Brown v. Matthews*, 79 Ga. 1, 8 (4 SE 13) (1887). Doyle's theory of negligence being a critical legal theory of recovery in this case, the failure to give the charge was harmful error. Thus we reverse the judgment and remand this case for a new trial.

*Judgment reversed and case remanded. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 21, 2007 —

*Gorby, Reeves & Peters, Mary D. Peters, Bondurant, Mixson & Elmore, James D. Summerville, Michael B. Terry*, for appellants.

*Downey & Cleveland, Joseph C. Parker, Jonathan C. Jones*, for appellees.