25829. HOWARD *v.* JACOBS' PHARMACY COMPANY *et al.*

DECIDED JANUARY 13, 1937.

*Charles W. Anderson,* for plaintiff.

*Herbert J. Haas, Joseph F. Haas, Bertram S. Boley, McElreath, Scott, Duckworth & DuVall,* for defendants.

GUERRY, J. The present writ of error involves a petition brought by the plaintiff as a purchaser of a proprietary or patent medicine, against the manufacturer, Hitchcock Medicine Company, and the retailer, Jacobs' Pharmacy Company, in which he seeks damages for certain alleged negligence of the defendants in furnishing to him such proprietary or patent medicine which was "old, aged, stale, worm-eaten, deleterious, and unfit" for use. It appears that the plaintiff went to the retail store of Jacobs' Pharmacy Company, called for, and received a certain proprietary or patent medicine put up by Hitchcock Medicine Company,

known as Hitchcock Laxative Powders. This powder was put up and sold to Jacobs' Pharmacy Company by the manufacturer in a sealed package with the manufacturer's name thereon, with directions as to dosage, etc., "The situation of the retailer and consumer of packed products is properly governed by the rules of negligence law. The retailer owes to the consumer the duty to supply goods packed by reliable manufacturers, and such as are without imperfections that may be discovered by an exercise of the care, skill, and experience of dealers in such products generally. This is the measure of the retailer's duty; and if he has discharged it, he should not be mulcted in damages because injuries may be produced by unwholesomeness of the goods. As to hidden imperfections, the consumer must be deemed to have relied on the care of the packer or manufacturer or the warranty which is held to be implied by the latter." 11 R. C. L. 1124 § 29. See also *Fleetwood* v. *Swift,* 27 *Ga. App.* 502 (108 S. E. 909). It has been held that a druggist is not guilty of negligence in selling to a customer a proprietary medicine in its original package under the label of the proprietor or patent, without an analysis of its contents. West v. Emanuel, 198 Pa. 180 (47 Atl. 965, 53 L. R. A. 329). In the present case it is not alleged that Hitchcock Medicine Company was not a reliable manufacturer of which fact Jacobs' Pharmacy Company knew; and yet, under the allegations of the petition, if this fact had been alleged, we doubt whether the petition would have set out any cause of action against Jacobs' Pharmacy Company. It is expressly alleged that the plaintiff actually called for Hitchcock Laxative Powders put up and manufactured by Hitchcock Medicine Company, and that he did so because he was "familiar therewith, and having taken the same preparation before with satisfactory results." The plaintiff in selecting Hitchcock Laxative Powders acted on his own judgment as to the reliability of the manufacturer. *Ray* v. *Burbank,* 61 *Ga.* 505 (34 Am. R. 103). There was no duty on Jacobs' Pharmacy Company to open and inspect the sealed can containing the powder which the plaintiff called for. This does not come within the duty to exercise ordinary care and diligence to discover any defect in any article sold. There is no express allegation in the petition which charges that Jacobs' Pharmacy Company knew or ought to have known of the age of the powders,

and, if so, that this defendant knew or ought to have known that the powders would be deteriorated and unfit for human consumption. Therefore we can not see how, under any theory of the case, it can be said that any cause of action for damages has been stated against Jacobs' Pharmacy Company. This case is to be distinguished from a case where one calls for a harmless drug from a druggist, and the druggist gives him instead another and very harmful drug. In such cases the maxim res ipsa loquitur has been applied, which has been said to make out a prima facie case against the druggist. The court properly sustained the demurrer filed by Jacobs' Pharmacy Company.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*