38802.  BROCK v. SIMPSON.

Decided May 12, 1961—Rehearing denied June 5, 1961.

*Charles W. Anderson, Oze R. Horton, Melvin Pazol,* for plaintiff in error.

*William Linkous, Jr., Powell, Goldstein, Frazer & Murphy,* contra.

HALL, Judge. 1. "The situation of the retailer and consumer of packed products is properly governed by the rules of negligence law. The retailer owes to the consumer the duty to supply goods packed by reliable manufacturers, and such as are without imperfections that may be discovered by an exercise of the care, skill, and experience of dealers in such products generally. This is the measure of the retailer's duty; and if he has discharged it, he should not be mulcted in damages because injuries may be produced by unwholesomeness of the goods. As to hidden imperfections, the consumer must be deemed to have relied on the care of the packer or manufacturer or the warranty which is held to be implied by the latter." *Howard v. Jacobs' Pharmacy Co.,* 55 Ga. App. 163, 164 (189 S. E. 373); *Fleetwood v. Swift,* 27 Ga. App. 502 (108 S. E. 909). "If the goods sold are in the original package sealed and unbroken, and it is a perfect appearing package, and it is impossible, in the practical use of the package in the retail trade, to discover the hidden unwholesomeness or imperfection without breaking the package, and the dealer has no positive knowledge, or notice amounting to imputed knowledge, of the hidden imperfection, ordinary care does not require the dealer to open the same, and as a matter of law he would not

be negligent under these circumstances." *Davis v. Williams,* 58 Ga. App. 274, 279 (198 S. E. 357).

Here the petitioner in selecting the Pepsi Cola drink acted on his own judgment as to the reliability of the manufacturer. *Howard v. Jacobs' Pharmacy Co.,* 55 Ga. App. 163, supra; *Ray v. Burbank,* 61 Ga. 505 (34 Am. Rep. 103). There was no duty on the retailer Simpson to open and inspect the capped bottle containing the beverage which the petitioner called for. It cannot be inferred from the allegations in the petition that the claimed deleterious, foreign and harmful substance in the Pepsi Cola drink was of such nature and content as to amount to a defect which a reasonably prudent dealer should have discovered before delivering it to the customer. A defect which is identifiable only by taste is entirely different from one such as particles of glass which are visible through the transparent glass bottle and through the transparent contents. *Davis v. Williams,* 58 Ga. App. 274, supra. From all the facts pleaded we think the conclusion is clear that here the alleged defect was not reasonably observable. The court below properly sustained the demurrer filed by Paul Simpson, d/b/a Simpson's Food Town Stores.

*Judgment affirmed. Felton, C.J., and Bell, J., concur.*