A01A1300. FEDERAL INSURANCE COMPANY v. FARMER'S SUPPLY STORE, INC.
(555 SE2d 238)

BLACKBURN, Chief Judge.

In this negligence action, Federal Insurance Company appeals the trial court's grant of summary judgment to Farmer's Supply Store, Inc. Federal Insurance contends that Farmer's Supply failed to exercise ordinary care when it undertook to demonstrate the operation of a portable electric generator. For the reasons set forth below, we affirm.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits,

---

[3] *Freeland v. State,* 223 Ga. App. 326, 327 (2) (477 SE2d 633) (1996).

depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

(Emphasis omitted.) *Lau's Corp. v. Haskins.*[1] Further, this court conducts a de novo review of the law and evidence. *Supchak v. Pruitt.*[2]

Viewed in the light most favorable to Federal Insurance, the record shows that in October 1995, Carl C. Tait lost electrical service to his residence after Hurricane Opal passed through LaGrange. Tait told his employee, Danny East, to purchase a portable electric generator from Farmer's Supply. East spoke with the owner of Farmer's Supply about the generator. An employee of Farmer's Supply selected a generator, removed it from its box, and demonstrated to East how to start and stop the generator, add oil and gasoline, and attach the appropriate extension cords. This was the extent of the demonstration, which the employee told East was all he needed to know, and East was not told by any representative of Farmer's Supply that vibrations could cause the operating generator to shift location. There was no evidence that the demonstrating employee knew about this hazard, and the owner of Farmer's Supply affirmed that he did not know of the tendency of the generator to shift and that he knew East to be a good mechanic.

East set up the generator about two to three feet from the side of Tait's house. He turned the generator on about 3:00 p.m., returned to check the generator at 5:00 p.m., and noticed that the generator had shifted about two inches toward Tait's residence. East moved the generator back to its original position and left. Tait's residence caught on fire later that evening, and the fire chief concluded that the generator had moved next to the house and ignited the fire.

Federal Insurance paid Tait's fire insurance claim and then pursued this action against Farmer's Supply and the manufacturers of the generator as Tait's subrogee. Federal Insurance's claim against Farmer's Supply is based solely on ordinary negligence.

Federal Insurance maintains that the trial court erred because Farmer's Supply undertook to instruct East in the proper operation of the generator and that, having assumed this duty, Farmer's Supply was negligent in its instructions. Federal Insurance relies on *Blossman Gas Co. v. Williams.*[3] Blossman Gas, a propane retailer,

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[2] *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).
[3] *Blossman Gas Co. v. Williams*, 189 Ga. App. 195 (375 SE2d 117) (1988).

agreed to distribute copies of a heater manufacturer's recall notice in its customer bills. Blossman Gas never sent out the recall notices. When a gas heater exploded and the injured party sued Blossman Gas in a negligence action, we found that it was a jury question whether Blossman Gas undertook the duty to distribute the recall notice and whether it carried out the duty with reasonable care.

*Blossman Gas* involved a retailer's failure to carry out an assumed duty, but the evidence there showed the duty was not carried out at all. In contrast, here, there is no evidence that Farmer's Supply's instruction to East with regard to operating the generator was not correct. Federal Insurance claims that Farmer's Supply was nevertheless negligent in failing to warn East about the tendency of the generator to "walk" or shift positions on its own when it was operating. A retailer, however, has no duty to disclose a latent product defect of which it has no knowledge.

> It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article, purchased and sold by him, for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury.

*King Hardware Co. v. Ennis.*[4]

A retailer's lack of duty to discover and disclose latent defects is more strongly established when the retailer sells a sealed product from a reputable manufacturer. See *Davis v. Williams*.[5] Although Farmer's Supply opened the box to demonstrate how to operate the generator, we do not find that the act of removing the unit and showing the basics of its operation imposed on the retailer a general duty to discover and disclose every hazard inherent in operating the machine. And Federal Insurance has not come forward with evidence which would support a finding that Farmer's Supply owed a duty to discover and disclose the particular hazard which caused the loss. Furthermore, East's affidavit shows that he became aware that the generator shifted during actual operation. Federal Insurance has not

---

[4] *King Hardware Co. v. Ennis*, 39 Ga. App. 355, 360 (147 SE 119) (1929).
[5] *Davis v. Williams*, 58 Ga. App. 274, 279 (198 SE 357) (1938).

shown a duty on the part of Farmer's Supply to discover and disclose the tendency of the generator to shift in operation or knowledge of this tendency. East, however, had actual knowledge that the generator did shift while in operation. East had this knowledge prior to the time the generator moved next to the house and caused the fire. The trial court was correct in granting summary judgment to Farmer's Supply.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 12, 2001.

*Mozley, Finlayson & Loggins, Wayne D. Taylor, Richard D. Hall,* for appellant.

*Cobb, Grabbe, Spillers & Irwin, R. Chris Irwin, Sharon C. Barnes,* for appellee.