A03A1409. WALKER v. GWINNETT HOSPITAL SYSTEM, INC.
(588 SE2d 441)

MILLER, Judge.

Gwinnett Hospital System, Inc. (the hospital) sued Dr. Carol Walker to recover monies the hospital loaned to Dr. Walker while she was beginning her medical practice. Dr. Walker defended on the grounds that the six-year statute of limitation had run and that she was entitled to a set-off for the hospital's preventing her from hiring an associate physician, who would have increased her revenues and

thereby assisted her in paying off the loan earlier. The trial court granted summary judgment to the hospital and entered judgment against Dr. Walker in the principal amount outstanding on the loan plus prejudgment interest. Dr. Walker appeals, contending that (i) the statute of limitation barred the hospital's action because she had breached the repayment terms of her contract with the hospital more than six years prior to the filing of this suit, (ii) disputed issues of fact concerning the set-off defense precluded summary judgment, and (iii) the hospital was not entitled to prejudgment interest. We hold that the undisputed facts showed that the first breach of the contract took place within six years of suit, that no set-off was justified, and that the court did not err in awarding the hospital prejudgment interest. Therefore, summary judgment in favor of the hospital was appropriate, and we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We apply a de novo standard of review to an appeal from the grant of summary judgment, construing the evidence in the light most favorable to the nonmovant. Id.

So construed, the evidence showed that the hospital persuaded Dr. Walker to begin a medical practice near the hospital by promising to reimburse Dr. Walker for certain expenses and to loan Dr. Walker money interest-free to cover other expenses, including the salary cost of four full-time employees and a $20,000 monthly salary to Dr. Walker during her first year of practice. The parties executed a written agreement to this effect, which provided that Dr. Walker would begin repaying the loan when her monthly net income (after paying expenses, including Dr. Walker's $20,000 monthly salary) from the practice exceeded $3,000. Once that threshold was exceeded, Dr. Walker was obligated each month to pay the hospital all net income exceeding $3,000 for that month until the loan was fully paid. Although the agreement did not specify a certain date by which the loan was to be paid off, it did state: "It is the joint expectation of [the hospital] and 'Physician' that 'Physician' will have paid back in full the amount theretofore paid to 'Physician' by [the hospital] within twelve (12) months beginning the payback."

Pursuant to the agreement, Dr. Walker in November 1992 began a medical practice near the hospital and over the next several months received loan proceeds from the hospital in the aggregate amount of $393,667.87. In June 1993, her net income (after paying all expenses, including her own salary) exceeded $3,000 and she paid the hospital the excess amount. Until April 1996, she paid the hospital on a monthly basis all net income exceeding the $3,000 amount. At that point, she ceased making the payments called for by the con-

tract and instead made sporadic payments in amounts not set forth in the contract. She made her last payment in January 1998, which left a balance of $191,361.91.

In July 2001, the hospital sued Dr. Walker to recover the outstanding balance. Dr. Walker responded that the six-year statute of limitation barred recovery based on her argument that she had breached the contract when she failed to pay the loan off fully within twelve months of June 1993. She further claimed that she was entitled to a set-off for damages caused by the hospital's breaching the duty of good faith implied in the agreement. The set-off claim was based on a hospital official's having told Dr. Walker in 1995 that the contract, which only referred to four employees in Dr. Walker's practice, prohibited her from hiring a physician employee (who would have been a fifth employee and would have required the hiring of more support employees). The trial court granted summary judgment to the hospital, holding that neither defense survived under the undisputed facts. Dr. Walker appeals.

1. Dr. Walker contends that the provision of the agreement — that the parties' joint expectation was that the loan would be fully paid off within 12 months of the first repayment — obligated her to pay off the loan in full by June 1994, the 12-month anniversary of her first repayment. Accordingly, because Dr. Walker did not pay off the loan by that date, she argues that she breached the agreement as of June 1994 and that the applicable statute of limitation began to run on that date. Since suit was not filed until July 2001, she asserts that the six-year statute of limitation found in OCGA § 9-3-24 for written contracts barred recovery of the debt.

OCGA § 9-3-24 does require that an action upon a written contract be brought within six years after the contract becomes due and payable. *Mobley v. Murray County*, 178 Ga. 388 (1) (173 SE 680) (1934), held that the statute begins to run when the plaintiff could first have maintained her action to a successful result, which would be the date of the contract's breach. See id. at 394-398. Thus, *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 749-750 (2) (559 SE2d 450) (2002), held that the six-year period started when the first monthly installment payment of commissions was missed.

The question therefore is when Dr. Walker here first breached the contract, i.e., when she missed the first payment. Where the facts are undisputed, "the question of whether the case is within the bar of the statute is one of law for the court." (Citations omitted.) *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 596 (2) (327 SE2d 736) (1985). Furthermore, "the construction of a contract is a question of law for the court based on the intent of the parties as set forth in the contract. . . ." (Footnote omitted.) *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000); see OCGA § 13-2-1. "Parol evidence

is inadmissible to add to, take from, or vary a written contract." OCGA § 13-2-2 (1).

Here the written contract, which provided that it was the entire agreement between the parties, defined the repayment obligations by stating that Dr. Walker "shall pay" the hospital the excess of her net income over $3,000 until the loan was "paid in full." The language added at the end of this repayment paragraph — "It is the joint expectation of [the parties that Dr. Walker] will have paid back in full the amount theretofore paid to [Dr. Walker by the hospital] within twelve (12) months beginning the payback" — did not accelerate the due date of the loan and obligate Dr. Walker to pay it off by the end of those first 12 months. "Expectation" simply refers to "[t]he act of looking forward" or "anticipation." Black's Law Dictionary, p. 598 (7th ed. 1999). The word " 'does not in itself amount to intention.' " (Citation omitted.) Id. Thus, it is compared to "general commendations or mere expressions of opinion, hope, expectation, and the like." (Citation and punctuation omitted.) *Charter Med. Mgmt. Co. v. Ware Manor, Inc.*, 159 Ga. App. 378, 383 (5) (283 SE2d 330) (1981). Indeed, "the party to whom it is made is not justified in relying upon it. . . ." (Citation and punctuation omitted.) Id.

Accordingly, this aspirational statement was simply an expression of hope or anticipation that Dr. Walker would pay back the loan within those first 12 months. It was not couched in the mandatory language of a contractual obligation that the parties had used immediately preceding the statement. Had the parties intended to create an accelerated due date for the loan, they could have easily done so.

The undisputed facts (as conceded in Dr. Walker's appellate brief) showed that she "made payments when required by the income guarantee calculation from June 9, 1993 through March of 1996. . . ." Thus, the contract was not breached until April 1996, when (as stated in Dr. Walker's appellate brief) she "began making sporadic payments to the [hospital] in **violation** of the repayment terms of the agreement. . . . She continued this until January 22, 1998," when she made her last payment. (Bold in original.)

These undisputed facts show that the first breach of a repayment obligation occurred in April 1996. See *Baker*, supra, 274 Ga. at 749-750 (2). Since this was within six years of the July 2001 filing of the complaint, the court properly found the statute of limitation defense invalid as a matter of law.

2. Dr. Walker contends that her set-off defense precluded summary judgment. She claims that the hospital breached an implied duty of good faith and fair dealing when its official told her in 1995 that the contract did not allow her to hire a physician employee (in addition to the other four employees she had). Dr. Walker asserts

that hiring the additional physician may have led to increased revenues that would have allowed her to pay off the loan earlier.

We hold that this set-off defense fails for two reasons. First, Dr. Walker presented no evidence whatsoever as to what net revenue, if any, an additional associate physician would have brought into her practice. There is nothing about what additional income or expenses would have resulted from such a hire. Indeed, undisputed evidence showed that hiring another physician may have required Dr. Walker to hire more support staff, thereby increasing salary expenses more than ever. Absent evidence of these amounts, summary judgment in favor of the hospital was appropriate.

Second, nothing in the contract — implicitly or otherwise — required or made it necessary that the hospital allow Dr. Walker to hire an additional physician employee. The implied duty doctrine "requires both parties to a contract to perform their promises and provide such cooperation *as is required* for the other party's performance." (Punctuation and footnote omitted; emphasis supplied.) *Physician Specialists in Anesthesia v. MacNeill*, 246 Ga. App. 398, 407 (5) (539 SE2d 216) (2000); see *Southern Business Machines of Savannah v. Norwest Financial Leasing*, 194 Ga. App. 253, 256 (2) (390 SE2d 402) (1990) (duty of good faith and fair dealing implied " 'whenever the co-operation of the promisee *is necessary* for the performance of the promise. . . .' ") (citation omitted; emphasis supplied).

We discern no obligation, implied or otherwise, *requiring* the hospital to allow Dr. Walker to hire a physician employee in addition to her four office employees. The agreement provided that Dr. Walker's reimbursable expenses could only include four employees. Dr. Walker conceded in her testimony that the four-employee limit was the basis for the hospital's statement that she could not hire the physician employee. We fail to see any evidence that the hospital acted in bad faith when it refused to consent to Dr. Walker increasing her expenses when those expenses were defined in the agreement as including only four employees. See *Robin v. BellSouth Advertising &c. Co.*, 221 Ga. App. 360, 361 (2) (471 SE2d 294) (1996) ("There can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do.") (citations and punctuation omitted). The speculation that the additional physician would also have increased revenues did not obligate the hospital to approve this expense. Notably, Dr. Walker was meeting her repayment obligations during the time period in question (June 1993 through March 1996). Her personal desire to pay off the loan sooner did not imply a duty on the part of the hospital to consent to a fifth employee.

Since the set-off defense lacked merit as a matter of law, the trial court did not err in granting the hospital summary judgment for the

outstanding balance on the loan. The balance was a liquidated amount, thus authorizing the court to award prejudgment interest under OCGA §§ 7-4-15 and 13-6-13.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 18, 2003 —
RECONSIDERATION DENIED OCTOBER 7, 2003.

*Russell & Herrera, Dorothea L. Russell, Dana C. Bryan*, for appellant.

*Hall, Booth, Smith & Slover, James H. Fisher II, Brittany L. Tuggle*, for appellee.