## A06A2081. ADERHOLD v. LOWE'S HOME CENTERS, INC.
(643 SE2d 811)

BERNES, Judge.

Wayne Aderhold appeals the trial court's grant of summary judgment to Lowe's Home Centers, Inc. in this lawsuit in which he sought damages for injuries he allegedly sustained when he was struck by a box that fell from a shelf while shopping at Lowe's. Aderhold predicated his claim upon the doctrine of res ipsa loquitur. The trial court found that the evidence, even when interpreted in the light most favorable to Aderhold, failed to establish that his injuries were caused by an agency or instrumentality within Lowe's exclusive control. Consequently, the trial court ruled that the elements of the res ipsa loquitur doctrine had not been met as a matter of law and granted summary judgment in favor of Lowe's. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that as Aderhold was shopping at Lowe's, a box containing a folding attic staircase fell from a shelf and struck Aderhold's knee, causing him injuries. The shelf from which the box fell was approximately four to five feet from the ground. Aderhold claims that the manner in which the boxes were stacked on the shelves in the aisle did not appear to be unusual or dangerous, and he does not know what caused the box to fall from its stationary position on the shelf. Although Aderhold initially speculated that a Lowe's employee was on the other side of the racks and may have knocked the box off, he admits that he did not actually see anyone on the other side of the racks and has no personal knowledge of what caused the box to fall. There were no witnesses to the incident. Aderhold claims that he did not touch anything on the shelves prior to when the box fell.

Aderhold filed a personal injury lawsuit seeking damages from Lowe's as a result of the alleged incident. Lowe's denied any liability and filed a motion for summary judgment. In response, Aderhold

conceded that there was no evidence that Lowe's had superior knowledge of the dangerous condition to support a premises liability claim, and instead relied solely upon the res ipsa loquitur doctrine for recovery.

> Res ipsa loquitur is a rule of evidence to be applied in cases where there is no evidence of consequence showing negligence on the part of the defendant. The doctrine authorizes, but does not require, the jury to infer facts from the circumstances in which the injury occurred, thereby filling the evidentiary gap. . . . Res ipsa loquitur is authorized where (1) the injury is of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

(Citations and punctuation omitted.) *Kmart Corp. v. Larsen*, 240 Ga. App. 351, 352 (522 SE2d 763) (1999).

Without ruling upon the first and third required elements for the doctrine, the trial court concluded that Aderhold failed to present any evidence as to the second element to establish that Lowe's maintained exclusive control of the box or shelf. We agree.

"[R]es ipsa loquitur should be applied with caution and only in extreme cases, and is not applicable when there is an intermediary cause which could have produced the injury." *Larsen*, 240 Ga. App. at 352. See also *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 316 (491 SE2d 517) (1997). When a plaintiff has been injured by an item falling off a store's shelf, we have held that the defendant store does not retain exclusive control over the item as a matter of law under circumstances where there is no evidence of how the item had been stacked prior to the incident, and where the uncontroverted evidence reflects that the item was within the reach of other customers. See *Sams*, 228 Ga. App. at 316. See also *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 368, n. 1 (604 SE2d 235) (2004). Compare *Larsen*, 240 Ga. App. at 352 (second element of res ipsa loquitur doctrine was satisfied when the shelving was in the exclusive control of the store employee who was rearranging the shelves at the time they fell on the plaintiff customer and when there was no evidence of an intermediary cause); *Cox v. K-Mart Enterprises of Ga.*, 136 Ga. App. 453 (221 SE2d 661) (1975) (item fell from a high shelf which was not readily accessible to other customers). Under such circumstances, the second element of the res ipsa loquitur is not satisfied and the doctrine does not apply.

Here, Aderhold was unable to present any evidence of what caused the box to fall from its stationary position on the shelf. He did not observe anything unusual or dangerous about the manner in which the boxes were stacked on the shelf, and he has failed to present any evidence that the box at issue was under the control of any of Lowe's employees. The only evidence that Aderhold has presented is that the box fell from the second shelf that was approximately four to five feet from the ground. While Aderhold asserted that the shelf was out of the reach of other customers and was accessible only by Lowe's employees, he provided no evidence in support of his assertion. In contrast, Lowe's presented the trial court with photos of the store's shelving to establish that boxes stacked on shelves five feet off the ground were easily within reach of and accessible to other customers. Therefore, based upon the evidence presented, Lowe's did not have exclusive control over the box or shelf at issue.

Nonetheless, Aderhold argues that the evidence in *Sams* and *Metts* reflected that store employees had taken steps immediately prior to the incidents to inspect the shelves and ensure that items were properly stacked. As such, Aderhold suggests that in order to obtain a finding that the defendant store did not retain exclusive control as a matter of law, the defendant store must show that store employees carried out an inspection of the shelved items within a reasonable time period before the incident. We disagree.

In *Sams* and *Metts*, the plaintiffs asserted general premises liability claims in addition to their res ipsa loquitur claims, and thus did not predicate their claims solely upon res ipsa loquitur, as Aderhold did in this case. And, more importantly, the plaintiffs in those cases did not concede, as did Aderhold here, that there was no evidence that the defendant had superior knowledge of an allegedly dangerous condition.

Under the exclusive control requirement applicable to res ipsa loquitur claims,

> the evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it. That does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the *greater probability* lies at defendant's door.

(Citation and punctuation omitted; emphasis supplied.) *Smith v. Telecable of Columbus*, 142 Ga. App. 535, 536 (236 SE2d 523) (1977). In determining whether there is a greater probability of the defendant's negligence so as to apply the res ipsa loquitur doctrine, the

burden of proof does not shift to require the store to come forward with proof of its reasonable inspection procedure with regard to the shelved items. Rather, "[w]e reaffirm the need for a *plaintiff* relying on res ipsa loquitur in this state to offer some evidence which shows the greater probability of the defendant's negligence in order to satisfy the 'control element' of the theory." (Emphasis supplied.) *Fender v. Colonial Stores*, 138 Ga. App. 31, 39 (3) (225 SE2d 691) (1976).

"Before res ipsa loquitur is applicable, the act must speak not only of negligence, but of negligence on the part of the defendant." *Fender*, 138 Ga. App. at 38 (3). Here, there is no evidence that Lowe's retained exclusive control over the box that fell from the shelf. Therefore, the trial court correctly concluded that the res ipsa loquitur doctrine is inapplicable in this case, and, consequently, did not err in granting summary judgment in favor of Lowe's.

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 19, 2007.

*Davison & Davison, F. Mayes Davison*, for appellant.

*Swift, Currie, McGhee & Hiers, Kenneth M. Barre, John M. Hamrick, J. Christopher Fox II*, for appellee.