A07A1498. MILLER et al. v. FORD MOTOR COMPANY et al.
(653 SE2d 82)

BERNES, Judge.

Dean and Sue Miller brought this tort action against Ford Motor Company and James Ernest Banks following an automobile collision. The Millers alleged that Ford negligently manufactured and assembled the seat belt and side air bag on the front passenger side of their Lincoln Town Car and failed to warn them of these defects.[1] The trial court granted summary judgment to Ford on the ground that the

---

[1] The Millers also asserted a claim for breach of warranty, but they do not challenge the grant of summary judgment on that claim.

Millers had failed to present any evidence that the seat belt and side air bag contained a manufacturing defect. For the reasons discussed below, we affirm.

1. The Millers contend that the trial court erred in granting summary judgment to Ford on their tort claims.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of the grant of summary judgment is de novo, and we construe the evidence and all inferences therefrom in favor of the nonmoving party. *Aldridge v. King's Colonial Ford*, 250 Ga. App. 236 (550 SE2d 439) (2001).

So viewed, the record reflects that in August 2001, the Millers purchased a used 1999 Lincoln Town Car with 31,249 miles on it (the "vehicle"). On the morning of May 17, 2002, a collision occurred as Mr. Miller was driving the vehicle while his wife rode in the front passenger seat. The Millers were traveling southbound on a multi-lane road in Savannah. Both were wearing their seat belts. As Mr. Miller attempted to turn left at an intersection, he collided with a northbound vehicle driven by Banks. Both front air bags on the Millers' vehicle deployed. According to the Millers, however, Mrs. Miller's seat belt did not lock and the side air bag located at the passenger door did not deploy, causing extensive injury to Mrs. Miller as she was thrown against the windshield due to the impact. At the time of the collision, the vehicle had approximately 50,000 miles on it.

The Millers commenced the instant lawsuit against Ford and Banks. Their complaint asserted claims against Ford for negligent manufacture and assembly of the seat belt and side air bag, and for failure to warn them of these alleged manufacturing defects. Additionally, Mr. Miller asserted a derivative claim for loss of consortium. Ford moved for summary judgment, contending that the Millers had

failed to come forward with any evidence of an original defect at the time of manufacture, negligence by Ford, or proximate causation. The Millers responded to the motion by filing affidavits stating that Mrs. Miller's seat belt did not lock and her side air bag did not deploy at the time of impact, and that they had made no alterations to the vehicle. The Millers also presented evidence of two product recalls issued by Ford which they alleged pertained to the passenger side seat belt assembly. After reviewing this record evidence, the trial court granted Ford's motion, resulting in this appeal.

We conclude that the trial court committed no error in granting summary judgment to Ford. In order to establish a negligent manufacturing claim, the plaintiff must come forward with evidence that, among other things, there was a defect in the product when it left the manufacturer that was caused by the manufacturer's negligence. See *Owens v. Gen. Motors Corp.*, 272 Ga. App. 842, 848-849 (3) (613 SE2d 651) (2005); *Jenkins v. Gen. Motors Corp.*, 240 Ga. App. 636, 637 (2) (524 SE2d 324) (1999); *Home Ins. Co. v. Caterpillar*, 202 Ga. App. 522, 523-524 (414 SE2d 735) (1992). The Millers have failed to meet this burden.

Specifically, the Millers failed to come forward with evidence sufficient to show that there was an original manufacturing defect in the seat belt and side air bag at the time their vehicle left Ford. They offered no evidence of the used vehicle's condition prior to their purchase in 2001, including any prior repairs, accidents, or alterations. Nor did they present any expert testimony on the issue of defect. Rather, the Millers relied upon their own allegations that the seat belt did not lock and the side air bag did not deploy at the time of the collision, approximately three years after its manufacture and after the vehicle had been driven approximately 50,000 miles. But, the mere failure of automobile equipment is not "itself evidence of an original defect," since the failure can be the result of myriad causes not related to its manufacture. *Jenkins*, 240 Ga. App. at 637 (1).

The Millers also relied upon two Ford product recalls relating to front seat belt assemblies in an effort to show that the seat belt in their vehicle contained an original manufacturing defect. A product recall can serve as circumstantial evidence of an original defect, however, only when "there is first introduced some independent proof that the particular product in question suffered from the same defect." *Rose v. Figgie Intl.*, 229 Ga. App. 848, 854 (2) (495 SE2d 77) (1997). Here, the product recall documents in the record reflect on their face that they apply not to Lincoln Town Cars containing an original safety belt assembly, but only to vehicles that previously had the "front safety belt retractor *replaced in service*." (Emphasis supplied.) Likewise, Ford submitted the uncontroverted affidavit of a Ford design analysis engineer who averred that the two recalls at

issue applied only to vehicles "which previously had the right or left safety belt retractor replaced in service after the respective vehicle was manufactured." (Emphasis omitted.) The Millers never presented any evidence that the left front safety belt retractor on their vehicle had ever been replaced while in service, and so they never showed that the same defect identified in the product recalls applied to their vehicle. The Millers' reliance on the product recalls thus was misplaced.

In opposing summary judgment, the Millers also relied upon the doctrine of res ipsa loquitur, contending that it could be presumed that the seat belt and side air bag were defective as a result of Ford's negligence. But, that "doctrine does not apply to mechanical devices because they get out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone." (Citation and punctuation omitted.) *Millar Elevator Svc. Co. v. O'Shields*, 222 Ga. App. 456, 457-458 (2) (475 SE2d 188) (1996). See *Ellis v. Sears Roebuck & Co.*, 193 Ga. App. 797, 797-798 (1) (388 SE2d 920) (1989). Moreover, the doctrine is inapplicable in the present case because Ford did not have exclusive control over the Millers' vehicle, which was approximately three years old at the time of the accident and had been driven 50,000 miles by the Millers and the prior owner. See *Cadwell v. Gen. Motors Corp.*, No. 5:04-CV-72 (WDO), 2006 WL 208858, at *4 (M.D. Ga. 2006) (applying Georgia law). See *Aderhold v. Lowe's Home Centers*, 284 Ga. App. 294, 295 (643 SE2d 811) (2007) (affirming trial court's ruling that res ipsa loquitur did not apply where plaintiff failed to show that his injury was "caused by an agency or instrumentality within the exclusive control of the defendant") (citation omitted).

For these reasons, we conclude that the Millers failed to point to specific evidence giving rise to a triable issue over whether the seat belt and side air bag contained an original manufacturing defect. See *Jenkins*, 240 Ga. App. at 637 (1). Hence, the trial court properly granted summary judgment to Ford on the Millers' negligent manufacturing claim. Likewise, summary judgment was appropriate on their claim for failure to warn, since that claim was predicated on the allegation that the seat belt and side air bag contained an original manufacturing defect. Finally, summary judgment was proper on Mr. Miller's loss of consortium claim because it was derivative of the failed substantive tort claims. See *Henderson v. Hercules, Inc.*, 253 Ga. 685, 686 (324 SE2d 453) (1985).

2. In a separate enumeration of error, the Millers claim that the trial court erred in considering expert affidavits submitted by Ford in support of its motion for summary judgment. However, "a grant of summary judgment will be affirmed if it is right for any reason." (Citation omitted.) *Brookview Holdings v. Suarez*, 285 Ga. App. 90, 94

(1) (645 SE2d 559) (2007). Hence, even if the trial court erred in considering the affidavits, the grant of summary judgment nevertheless was appropriate for the reasons discussed in Division 1.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 25, 2007.

*M. Francis Stubbs*, for appellants.

*McKenna, Long & Aldridge, Charles K. Reed, Jeremy M. Moeser, Swift, Currie, McGhee & Hiers, Anandhi S. Rajan, R. Stephen Sims*, for appellees.