A08A0503. BOSWELL v. OVERHEAD DOOR CORPORATION et al.

(664 SE2d 262)

BERNES, Judge.

Luke Boswell appeals from the grant of summary judgment in his tort action against OHD Corporation and Overhead Door Corporation (collectively, "Overhead Door") for the defective design and manufacture of an overhead door that fell on him. We affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." (Citations and punctuation omitted.) *Walker v. Gwinnett Hosp. System*, 263 Ga. App. 554, 555 (588 SE2d 441) (2003). A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant. Id. Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the nonmovant must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990).

The relevant facts are undisputed. While Boswell was working at Hartsfield-Jackson International Airport, an overhead door in a bomb detection equipment storage facility fell on him. Boswell recalled that the canister into which the door retracted had a red "Overhead Door" label on it. Boswell sued Overhead Door Corporation, the City of Atlanta, and other entities for strict liability, negligence, and failure to warn. Discovery showed, however, that the City had removed and disposed of the door roughly five months

before Boswell filed suit.[1] The City's motion to dismiss for Boswell's failure to file an ante litem notice was granted, and the City is not a party to this appeal. The trial court later granted Overhead Door's motion for summary judgment.

On appeal, Boswell argues that a question of fact remains concerning the defectiveness of the door that injured him. We disagree.

The sine qua non of a products liability claim, regardless of whether the plaintiff proceeds under a theory of strict liability or negligence, is a defect in the product. See, e.g., OCGA § 51-1-11 (b) (1); *Banks v. ICI Americas*, 264 Ga. 732, 734 (1) (450 SE2d 671) (1994); *Center Chemical Co. v. Parzini*, 234 Ga. 868, 869 (2) (218 SE2d 580) (1975); *Miller v. Ford Motor Co.*, 287 Ga. App. 642, 644 (1) (653 SE2d 82) (2007); *Bryant v. Hoffmann-La Roche*, 262 Ga. App. 401, 406 (2) (585 SE2d 723) (2003). The plaintiff also has the burden of proving the causal connection between the alleged design or manufacturing defect and his injury. See *John Crane, Inc. v. Jones*, 278 Ga. 747, 751-752 (604 SE2d 822) (2004); *Ogletree v. Navistar Intl. Transp. Corp.*, 245 Ga. App. 1, 6 (1) (535 SE2d 545) (2000) ("*Ogletree VIII*").

Overhead Door does not install, maintain, or repair the doors it manufactures. Assuming that Overhead Door manufactured the door that fell on Boswell, that door has never been located, and neither its design nor its specifications has been identified. This means that Boswell cannot show what the door's design was, whether such design was faulty, whether Overhead Door departed from specifications in the course of manufacturing it, or whether the door was defective when sold. And even if a defect in the door had been shown, Boswell has not presented any evidence that the defect was the proximate cause of his injuries. See *Ogletree VIII*, 245 Ga. App. at 7-8 (1) (affirming grant of judgment n.o.v. when plaintiffs could not show that manufacturer's failure to install back-up alarm on truck was proximate cause of injury). Compare *Chicago Hardware &c. Co. v. Letterman*, 236 Ga. App. 21, 24-25 (2) (510 SE2d 875) (1999) (loss of the single turnbuckle that injured plaintiffs did not impair their ability to show unfitness or defendant's ability to present a defense concerning the mass-produced object when other examples with the same features existed).

Nor can a spoliation presumption apply against Overhead Door, since it was the City who disposed of the door. Compare *Baxley v.*

---

[1] According to the City, the door was removed as part of the dismantling of the entire storage facility. In contrast, Boswell claimed that the door was taken down "soon after [he] was hit."

*Hakiel Indus.*, 282 Ga. 312, 314 (647 SE2d 29) (2007) (rebuttable presumption of spoliation arose against bar owner who was aware of the potential for litigation but failed to preserve videotaped evidence that might have shown whether intoxicated customer would soon be driving). And there is nothing in the record to suggest that in disposing of the door, the City was acting at the behest of Overhead Door.

For all these reasons, the trial court did not err when it granted summary judgment to Overhead Door on Boswell's strict liability and negligence claims. Similarly, summary judgment was proper on Boswell's claim against Overhead Door for failure to warn, since that claim was predicated on the allegation that the door was defectively designed and manufactured. See *Miller*, 287 Ga. App. at 645 (1).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

### DECIDED JUNE 25, 2008.

*Charles A. Mathis, Jr.*, for appellant.
*Hawkins & Parnell, Michael J. Goldman, Thomas E. Borton IV,* for appellees.