ANDREWS, Presiding Judge,
concurring in part and dissenting in part.
1. Under established Georgia law,
[i]t is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article purchased and sold by him for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury.
King Hardware Co. v. Ennis, 39 Ga. App. 355, 360 (147 SE 119) (1929).
That general rule has some age on it, but it has been consistently followed. See Fed. Ins. Co. v. Farmer’s Supply Store, 252 Ga. App. 17, 19 (555 SE2d 238) (2001); Thomasson v. Rich Products Corp., 232 Ga. App. 424, 426 (1) (502 SE2d 289) (1998); Sirmons v. Derst Baking Co., 221 Ga. App. 127, 128 (470 SE2d 515) (1996); Brock v. Simpson, 103 *315 Ga. App. 800, 801 (1) (120 SE2d 885) (1961); Davis v. Williams, 58 Ga. App. 274 (2) (198 SE 357) (1938).
Decided March 21, 2016.
Palmore, Boenig & Associates, Malcolm A. Palmore, Markus Boenig, for appellant.
Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Candis R. Jones, Jeffrey M. Wasick; Cowsert & Avery, M. Steven Heath, Matthew A. Moseley, for appellees.
In the instant case, there was no evidence to alert anyone, store or customer alike, that the package was defective. Imposition of liability in this case would, in effect, render Kroger an insurer. I believe the circumstances here dictated the trial court’s grant of summary judgment for Kroger on the negligence claim.
2. Inasmuch as the trial court properly granted summary judgment for Kroger on the ordinary negligence claim as a matter of law under the venerable line of authority cited above, the discarding of the carton was of no relevance to that cause of action. See Craig v. Bailey Bros. Realty, 304 Ga. App. 794, 798 (1) (697 SE2d 888) (2010).
Phillips v. Harmon, 297 Ga. 386, 393 (774 SE2d 596) (2015), relied upon by the majority, alarmingly expands the situations where a defendant may be charged with notice of anticipated litigation. It seems to place all defendants in a “damned if you do, damned if you don’t” posture, with regard to conducting any risk exposure assessment following any injury and the preservation of any item that potentially could have some evidentiary use. But it does not stand for the proposition that where no cause of action exists as a matter of law, the issue of possible spoliation may be tossed to the jury in hopes of creating one.
Accordingly, I respectfully dissent from Divisions 1 (a) and 6 of the majority opinion. I concur with Divisions 1 (b), 2, 3, 4, and 5.